**UNITED STATES v. WEESE.**

**No. 60.**

Circuit Court of Appeals, Second Circuit.

Oct. 24, 1944.

Samuel Mezansky, of New York City (Irving Spieler, of New York City, on the brief), for appellant.

Edward W. McDonald, Asst. U. S. Atty., of New York City (James B. M. McNally, U. S. Atty., of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The sole question presented by this appeal is whether the District Court erred in denying defendant's motion to withdraw his plea of guilt. This motion came sometime beyond the period limited for it by Rule 2(4) of Rules of Criminal Procedure After Plea of Guilty, etc., 18 U.S.C.A. following section 688, recently considered by us in United States v. Achtner, 2 Cir., 144 F.2d 49; but since defendant's contention, so far as it has substance, contains an implication of fraud and overreaching on the part of the prosecuting authorities, we shall consider it just as did the court below. And we agree with that court in concluding that nothing more is shown here than the not unusual case of disappointed expectation when a plea of guilt is not productive of the light sentence confidently expected.

The indictment here concerned the marketing of stock in a Canadian gold mine. It was returned, and defendant pleaded not guilty, in June, 1941. Next in the docket entries appears the notice of appearance, January 26, 1944, by defendant's counsel, an attorney with over twenty-one years' experience in the District Court. Defendant's plea of guilt came on February 24, and his motion to withdraw it on April 12, 1944, to which time the case had been adjourned for sentence. This was followed by hearings conducted by the District Judge on two separate days, at the conclusion of which the motion was denied and defendant was sentenced to imprisonment for a year and a day. Much is made of the delay be-

tween the indictment and the later proceedings, and of the asserted fact that in the meantime defendant established himself in a business of some importance. But, however unfortunate may be the delays of justice, it is certainly impossible to eradicate them, particularly in these days when prosecuting staffs are so shorthanded; and we do not see how such matters warrant defendant in relying upon expectations which are legally unjustified. Not only was his counsel thus experienced, but he himself had been convicted in 1925 in the same court for a like offense, for which he received a substantial sentence; and in 1939, he had been indicted in a similar case where the principals were ultimately convicted, while the charge against him was nolprossed. Indeed, his attorney stated explicitly to the court that there had been no misleading upon the part of the Assistant United States Attorney in charge of the case and with whom he had conferred about it. Counsel relied only on his belief that he had misled his client into being too hopeful as to the possibility of a suspended sentence in the light of negotiations claimed by defendant to have been had earlier with a representative of the Securities and Exchange Commission who assumed to represent the prosecutor.

The story of these earlier negotiations, as told for the defendant, was that before he had retained his counsel this gentleman from the Commission visited defendant at his place of business and suggested that he come to the courthouse to see the Assistant United States Attorney in charge, in an endeavor to co-operate with the Government if he could, to try to save the Government time and expense; and when defendant told this gentleman that he had an attorney, he received the reply that there was not any use in spending money on attorneys. As a result of this conference defendant "got the distinct impression" that a suspended sentence would be recommended; and later conversations with the Assistant United States Attorney himself did not disabuse his mind of this impression.

This is the version as stated by the counsel and substantially as agreed to by defendant in his long statement to the trial judge. At the adjourned hearing his counsel asked that a letter written by defendant to the judge be made "part of the motion, so to speak," to which the court said, "No objection," although the prosecutor had not had a chance to see it or to ask for cross-examination as to its contents. But this letter, a long and rambling statement by defendant of his activities, is hardly to be accepted as offering a markedly different version of what had happened. True, one involved and ungrammatical sentence might be taken by itself to be an allegation that this Commission agent, as well as defendant's own attorney, had assured him that he might "expect" a suspended sentence. It seems, however, that the more probable meaning is, as the remainder of the record directly suggests, that the assurance was from defendant's own attorney, rather than from the one on behalf of the prosecution. Certainly this vague allegation, given in such a manner as not to be challenged by the prosecution, as it surely would have been if made directly, is too small a basis to demonstrate fraud on the part of the prosecutors.

Moreover, it is to be noted that this incident, whatever it was, took place some time before counsel came into the case, and that after counsel was engaged, about a month elapsed before the plea. As counsel showed, this month was taken up with conferences with the prosecutor, wherein no one was misled, which resulted in the decision on the part of defendant and counsel to offer the plea. If on so flimsy a basis as this, amounting, at least at the actual time of plea, to no more than counsel's hope for a suspended sentence, a plea of guilt may be withdrawn, it is obvious that an accused may safely indulge in a plea of guilt as a mere trial balloon to test the attitude of the trial judge, being reasonably secure in the knowledge that he can withdraw it without great difficulty. The motion was properly denied. United States v. Fox, 3 Cir., 130 F.2d 56, 59, certiorari denied Fox v. United States, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535; United States v. Denniston, 2 Cir., 89 F.2d 696, 110 A.L.R. 1296, certiorari denied Denniston v. United States, 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362.

Affirmed.