## RIDGEWAY v. UNITED STATES.
### No. 11835.

United States Court of Appeals
Sixth Circuit.
July 2, 1953.

Charles S. Dautel, Cincinnati, Ohio, for appellant.

Vincent Fordell, Detroit, Mich., for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This appeal, having been heard on the record, briefs and argument of counsel for respective parties;

And it appearing that on January 4, 1952 a plea of Not Guilty was entered for appellant upon his standing mute upon arraignment; that on January 22, 1952, appellant in open Court and represented by counsel of his own choosing, withdrew his plea of Not Guilty and entered a plea of Guilty to the indictment herein, and at that time stated to the Court that no one had made any promises or threats to him to cause him to plead guilty; that sentence was postponed until February 28, 1952, at which time, following a plea for leniency by his attorney, but without any denial of guilt or request that the plea of Guilty be withdrawn, he received a sentence of three years imprisonment; and that it was not until October 17, 1952 that his present motion to vacate the sentence was filed, which contains the allegation, among others, that the plea of Guilty was entered upon the advice of his counsel who stated to him that he would receive a probated sentence;

And the Court being of the opinion that such alleged grounds are not legally sufficient to cause the judgment herein to be vacated; Crowe v. United States, 4 Cir., 175 F.2d 799; and do not constitute "manifest injustice" authorizing the District Court to permit a withdrawal of the plea of Guilty after sentence; Rule 32(d), Fed. Rules of Criminal Procedure, 18 U.S.C.A.; United States v. Weese, 2 Cir., 145 F.2d 135; United States v. Searle, 7 Cir., 180 F.2d 209; Futterman v. United States, 91 U.S.App. D.C. 331, 202 F.2d 185.

And being also of the opinion that appellant's plea of Guilty was not qualified or contradicted by his statement to the Court at the time it was made and was acquiesced in by his counsel at the time of sentence, and is not similar to the situation in Bergen v. United States, 8 Cir., 145 F.2d 181, relied upon by appellant; See Brown v. United States, 8 Cir., 182 F.2d 933; Alred v. United States, 4 Cir., 177 F.2d 193.

It is ordered that the judgment of the District Court overruling the motion to vacate, is sustained.