**Shelley W. MOORE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20406.**

United States Court of Appeals Fifth Circuit.

July 8, 1964.

Rehearing Denied Sept. 2, 1964.

Charles R. Wheeler, Fort Worth, Tex., for appellant.

William L. Hughes, Jr., Robert S. Travis, Asst. U. S. Attys., Fort Worth, Tex., Barefoot Sanders, U. S. Atty., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

We review here the denial of a Motion to Vacate Sentence, under Title 28 U.S. C. § 2255.

Moore was convicted and sentenced upon his plea of Guilty to Count 1 of a 3-Count Indictment, charging violation of marihuana and narcotics regulations. Count 1 charged a violation of Title 26 U.S.C. § 4742(a) (the transfer of approximately 406.5 grams of marihuana not in pursuance of a written order of the transferee on a form issued for that purpose by the Secretary of the Treasury, or his delegate). Sentence was imposed under Title 26 U.S.C. § 7237(b) (the Boggs Act) which prescribes punishment of not less than five nor more than twenty years, and discretionary with the Court a fine not to exceed $20,000.00. Under subsection (d) of § 7237 suspension of execution or imposition of sentence, probation and parole are all denied to the Defendant. The remaining two Counts of the Indictment charging marihuana and narcotics violations were dismissed on Motion of Government

counsel, and a sentence of fifteen (15) years confinement was imposed.

Moore was attended at all times by his personally employed counsel, an experienced criminal trial lawyer. No motion for withdrawal of the plea of Guilty under F.R.Crim.P. 32(d) was made. No appeal was taken.

About three months after the date of sentence (December 11, 1961) on March 6, 1962, Moore, through new counsel, filed with the District Court his Title 28 U.S.C. § 2255 Motion to Vacate the sentence. The Motion was supported by affidavits of the movant-Defendant Moore and his wife. An Answer was filed by the Government denying material portions of the Motion, supported by affidavits executed by Moore's original attorney, the Assistant United States Attorney, who prosecuted the case, and the Court Reporter, who was present throughout the arraignment and sentence proceedings.

Briefs were submitted by the respective counsel. A detailed and lengthy opinion was filed by the District Judge giving his reasons for denying the Motion, and for doing so without an evidentiary hearing. Based upon the Opinion on file (not reported) the trial judge entered his Order denying the Motion. This appeal then ensued.

Three questions are raised by the appeal, all decided adversely to Moore by the District Court:

(1) As below, he contends that it was represented to him by his counsel that for pleading Guilty to one Count he would receive a five-year sentence, the minimum under the Boggs Act, and that a trade to this effect had been made with the Assistant U. S. Attorney in charge of the case. He asserts that this *false* information was the inducement upon which his Guilty plea was entered. The tenor of Moore's and his wife's affidavits are to this effect, but there is no contention advanced that a trade had, in fact, been made with the prosecuting Assistant U. S. Attorney. The affidavit of the Assistant U. S. Attorney categorically

denies that a trade was made, and the affidavit of Moore's original attorney denies the existence of a trade, and further denies that any false information to this effect was imparted to Moore.

(2) As he contended below, Moore asserts here that he had a valid defense of entrapment which the illegally induced plea of Guilty precluded his presenting.

(3) The Appellant Moore further contends that the District Court was required, in view of the factual dispute present, to hold an evidentiary hearing before ruling upon his Section 2255 Motion.

For reasons we will allude to briefly hereinafter, we conclude that each of these contentions is without merit, and affirm the District Court.

■ For convenience, the first and third contentions will be discussed together. Assuming that Moore, upon an evidentiary hearing, could have demonstrated the truth of the factual assertions of this Motion and accompanying affidavits, the trial judge could have found only that Moore was in good faith misled by misrepresentations of his own personally employed and paid counsel. There was no factual dispute raised before the trial judge as to any collusion between the prosecuting attorney and Moore's counsel. This showing, which is the most that an evidentiary hearing could produce, would not justify the setting aside of the plea of Guilty. See United States v. Weese, 2 Cir., 145 F.2d 135; United States v. Sehon China, D.C. W.Va., 74 F.Supp. 189, 191 (affirmed 4 Cir., 163 F.2d 876); Ridgeway v. United States, 6 Cir., 205 F.2d 680; Meredith v. United States, 4 Cir., 208 F.2d 680.

The decision of this Court in Motley v. United States, 5 Cir.1956, 230 F.2d 110, relied on by Appellant, reversing for an evidentiary hearing the denial of a Section 2255 motion, involved very different factual contentions. These were (1) incompetency of court-appointed counsel, (2) a claim that his attorney *and the United States Attorney* induced him to plead guilty, and (3) the failure

of the trial judge to determine (Rule 11, F.R.Crim.P.) the voluntariness of the plea of guilty.

The difference is patent and obvious and does not require laboring. The other cases cited by Appellant are likewise inapposite.

We realize that the decision we review on appeal was entered several months before Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, was decided April 29, 1963, by the Supreme Court, and that the denial without hearing must be critically considered in the light of Sanders. We conclude that this case is well within the class of cases recognized by the Supreme Court in Sanders as not requiring an evidentiary hearing, by the following language appearing at 373 U.S., page 20, 83 S.Ct., page 1080:

"On remand, a hearing will be required. This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined 'without requiring the production of the prisoner at the hearing.' This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. *However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing.*" (Emphasis supplied.)

■ Here, we emphasize, the District Court did not merely deny the Motion out of hand. Notice was served on the U. S. Attorney, affidavits and counter-affidavits were offered, and briefs were filed and considered. Since an evidentiary hearing could not have produced a different result, none was required to be held.

■ The second point remains for consideration: May claimed unlawful entrapment be raised by a Section 2255 Motion, or is it merely a matter of defense, which must be raised at trial? We conclude that the latter view adopted by the trial court, is the correct one, as demonstrated by the following cases: Kaye v. United States, 6 Cir., 235 F.2d 187; Stanley v. United States, 9 Cir., 239 F.2d 765; Way v. United States, 10 Cir., 276 F.2d 912; Ellison v. United States, 10 Cir., 283 F.2d 489. The attempt to raise entrapment comes too late, when, as here, it is sought to be raised by collateral attack under a Section 2255 Motion.

The judgment of the District Court is affirmed.

JOHN R. BROWN, Circuit Judge.
I concur in the result.