**UNITED STATES of America,**
**Appellee,**

v.

**Carmine LOMBARDOZZI, Defendant-**
**Appellant.**

**No. 277, Docket 35184.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 14, 1970.

Decided Jan. 28, 1971.

U. S. Atty., E. D. N. Y., Daniel P. Hollman, Special Atty., U. S. Dept. of Justice, on the brief), for appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York denying appellant's motion under Rule 32(d) of the Federal Rules of Criminal Procedure to withdraw his plea of guilty. Appellant pleaded guilty to conspiring in violation of 18 U.S.C. § 371 (1964) to transport in interstate commerce a check having a value in excess of $5,000 knowing it to have been stolen, a crime under 18 U.S.C. § 2314 (1964). Appellant was sentenced under 18 U.S.C. § 4208(a) (2) (1964) to the custody of the Attorney General for a term of two years.

Appellant Carmine and his brother Daniel Lombardozzi, along with ten other defendants, were indicted for theft of a customer's check from Orvis Brothers, a New York brokerage firm. The indictment alleged a scheme to deposit stolen checks in bank accounts under the name Orvis Brothers and then to withdraw the proceeds once the checks had cleared. There were two counts, one for transporting a stolen check in violation of 18 U.S.C. § 2314 and § 2 (1964), the other for conspiring to cause the same check to be transported in interstate commerce in violation of 18 U.S.C. § 371 (1964).

After trial had begun and the principal government witness had implicated both appellant and his brother Daniel Lombardozzi, appellant approached the government attorney and indicated his desire to plead guilty to the conspiracy count.

Transcripts of three conferences held in the chambers of the trial judge show that appellant initially sought to obtain a dismissal of the indictment as to his brother Daniel and an assurance that his own sentence would be concurrent with a sentence about to be imposed by a New

James M. LaRossa, New York City, for defendant-appellant.

Gerard T. McGuire, Special Atty., U. S. Dept. of Justice (Edward R. Neaher,

York State court after a conviction for perjury. At the second meeting, appellant sought a suspended sentence with probation for his brother and, again, a federal sentence concurrent with the state sentence for himself. The judge stated at this meeting and at the third meeting, attended by counsel, appellant, and his brother, that it it was "unlikely, in the extreme" that probation would be granted to Daniel Lombardozzi and that he would neither direct that appellant's sentence be concurrent with the state sentence nor recommend such a procedure to the Attorney General. The court said only that it would impose sentence in such a way as to leave to the Attorney General's discretion whether to make the federal sentence concurrent with the state sentence. Appellant expressed himself as satisfied with this disposition. Before accepting the Lombardozzis' guilty pleas, the judge read the charge to the defendants, questioned them about it, and satisfied himself that they understood the charge and also understood that it was within the court's power to impose a maximum prison term of five years and a fine. In response to the judge's questions defendants stated that no threats prompted their pleas, that there were no "inducements" of which the court had not been informed, and that they were in fact guilty. The pleas of guilty were then accepted.

Before appellant was sentenced but after Daniel Lombardozzi had been sentenced to two years imprisonment, appellant made a motion to withdraw his plea of guilty on the ground that he was not guilty of the crime to which he had pleaded and that his plea was involuntary because the government attorney had assured him that the court would recommend a concurrent sentence to the Attorney General and that he would not have to serve any time in a federal penitentiary.

The judge who had taken appellant's guilty plea conducted a hearing on the motion at which the Assistant United States Attorney who was in charge of the prosecution and one Daniel Kinnaly,

Special Agent of the F.B.I., testified as did appellant. Although he found much of what the Assistant United States Attorney and Kinnaly had said to appellant to be ill advised, the judge denied appellant's motion on the ground that his plea was not involuntary in view of his general sophistication and intelligence and of the fact that he had indicated clearly that he understood that whether his sentence would be concurrent with the state sentence was to be left wholly to the Attorney General's discretion. The court found that the appellant was under no "illusion that he was going to avoid spending time in a federal prison."

Appellant contends that the district court erred in denying his motion because the government's promise that his state and federal sentences would be concurrent was the sole motivating factor for his plea and that the plea was therefore involuntary. Although promises or threats may deprive a guilty plea of its free and voluntary character, rendering it void, Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), this does not mean that a prosecutor's promise to recommend leniency necessarily has that result, United States v. Malcolm, 432 F.2d 809, 814 (2d Cir. 1970). The opinion in Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) makes it clear that a guilty plea is the product of many factors and that its voluntariness can be determined only by weighing "all of the relevant circumstances."

The record shows that the appellant himself initially approached the Assistant United States Attorney and said "I would like to take a plea of guilty to this indictment." This he did after he had heard the testimony against him of the government's principal witness which implicated him in a crime carrying a maximum sentence of fifteen years. Appellant was not an uncounseled, uneducated defendant unfamiliar with the workings of the criminal law but rather a sophisticated and intelligent man. The evidence adduced at the

hearing on the motion supports the judge's finding that the appellant calculated his position and made a rational decision to plead guilty.

The fact that the plea was accepted only after a series of three transcribed conferences with the judge and appellant's counsel present tends to "dissipate" the "coercive impact" which might have resulted from the prosecutor's promises to recommend leniency. Brady v. United States, *supra* at 754, 90 S.Ct. 1463, United States v. Malcolm, *supra* 432 F.2d at 814. The judge made it entirely clear that he would make no recommendation to the Attorney General and that whether the sentences would be concurrent would be left wholly to the discretion of the Attorney General.

In light of all these factors, we can hardly accept appellant's claim that he falls within the category of defendants "so gripped by * * * hope of leniency that [they] * * * could not, with the help of counsel, rationally weigh the advantages of going to trial against the advantages of pleading guilty." Brady v. United States, *supra* 397 U.S. at 750, 90 S.Ct. at 1470. The evidence clearly supports the lower court's conclusion that appellant's own calculation of the possibilities and risks involved as well as the actual value of any commitments made to him by the prosecutor motivated his plea of guilty.

On a pre-sentence motion for withdrawal of a guilty plea, it is entirely proper for the court to consider the prejudice to the government which would result from granting the motion. United States v. Stayton, 408 F.2d 559, 561–562 (3d Cir. 1969); 8A Moore's Federal Practice ¶32.07 (1970). In the present case the court pointed out the substantial prejudice to the government which would have resulted from a granting of appellant's motion:

"The defendant entered his plea after he heard Negri [the principal government witness] testify * * *. You do not assemble a case of this kind for trial twice. The problem of double jeopardy, and everything else, would have to be faced. When a plea is taken in the middle of trial, it has to be taken with the utmost deliberation simply because the public's right is going to be compromised if there is something wrong with the plea-taking."

The defendant had the burden of establishing grounds for the withdrawal of his plea, United States v. Giuliano, 348 F.2d 217, 221 (2d Cir.), cert. denied, Prezioso v. United States, 382 U.S. 939, 946, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965); United States v. Smiley, 322 F.2d 248, 249 (2d Cir. 1963). The determination of whether that burden has been met rests within the discretion of the trial judge, whose decision is reversible only if clearly erroneous, United States v. Hughes, 325 F.2d 789, 792 (2d Cir. 1964). The judge found that the appellant failed to meet that burden by establishing any basis whatsoever for withdrawal of his plea. The findings of the court were supported by ample evidence.

Appellant's claim that the district court incorrectly applied the post-sentence "manifest injustice" standard of Rule 32(d) of the Federal Rules of Criminal Procedure in deciding appellant's pre-sentence motion to withdraw the plea of guilty finds no support in the record.

Affirmed.