**UNITED STATES of America**
**v.**
**George C. CRAVATAS.**
**Crim. No. 12721.**

United States District Court,
D. Connecticut.
April 15, 1971.

Stewart H. Jones, U. S. Atty., Leslie Byelas and Barry J. Cutler, Asst. U. S. Attys., Bridgeport, Conn., for government.

J. Daniel Sagarin, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

The motion by defendant George C. Cravatas, Esq., to withdraw his plea of nolo contendere and to set aside his judgment of conviction, Rule 32(d), Fed. R.Crim.P., presents the question whether an attorney, who is a member of the bar of this Court, after pleading nolo contendere to, and the Court having found him guilty of, a charge of willful failure to file his federal income tax return, 26 U.S.C. § 7203 (1964), and after having been sentenced to the maximum term of imprisonment and having been ordered to pay the maximum fine, should be permitted to withdraw his nolo contendere plea, chiefly upon defendant's representation that his attorney (formerly a trial attorney with the Criminal Frauds Section of the IRS) had told him he would not be incarcerated as a result of his plea—a representation flatly denied by the said attorney.

After an evidentiary hearing, and upon the basis of the findings of fact, conclusions of law and opinion hereinafter set forth, the Court holds that defendant should not be permitted to withdraw his plea. Defendant's motion is denied.

## FINDINGS OF FACT

(1) On February 4, 1970, a grand jury in the District of Connecticut returned an indictment charging defendant with three counts of willful failure to file his federal income tax returns for the calendar years 1963, 1965 and 1966, in violation of 26 U.S.C. § 7203 (1964).[1]

(2) On March 9, 1970, defendant pleaded not guilty to each of the three counts.

(3) During the seven to eight month period following defendant's plea of not guilty on March 9, 1970, he had numerous conferences with representatives of the IRS and of the United States Attorney's office; and during this period defendant was in contact with or had the assistance of no less than four attorneys of his own choosing (not including, of course, the attorney currently representing defendant on the instant motion).

(4) On October 26, 1970, while represented by retained counsel, John J. Lokos, Esq., defendant requested and was granted permission to change his not guilty plea to count two (willful failure to file his 1965 return) to a plea of nolo contendere, after which the Court made a finding that defendant was guilty of the crime charged in count two. The official court reporter's transcript of the change of plea proceedings before the undersigned on October 26, 1970 is attached hereto as APPENDIX A.

(5) The transcript of the change of plea proceedings on October 26, 1970 (APPENDIX A), to the extent relevant to the issues on the instant motion, shows the following:

(a) The Court first addressed defendant personally, and in fact specifically requested that defendant step forward.

(b) Defendant stated he had been furnished with a copy of the indict-

---

1. The statute under which defendant was charged is that cited in the text. An amendment to Section 7203 of the Internal Revenue Code of 1954, effective June 28, 1968, Pub.L. 90–364, 82 Stat. 264, 26 U.S.C. § 7203 (Supp. V, 1965–69), applies only to taxable years beginning after December 31, 1967.

ment and was fully aware of the charges set forth therein against him.

(c) Defendant stated he understood, if the Court accepted his nolo contendere plea to count two, that the Court thereupon would make a finding of guilty based on that plea.

(d) Defendant stated he understood that the Court could impose a maximum sentence of one year in prison and/or a $10,000 fine.

(e) Defendant stated that no one —including his lawyer or anyone connected with the government—had given or promised him anything to induce him to plead nolo contendere to count two; except that the government had stated on the record that it intended to move to dismiss counts one and three at the time of sentencing.

(f) Defendant stated that, as a lawyer himself familiar with the law and as a result of conferences with his retained lawyer, Attorney Lokos, he freely acknowledged the factual basis for his admission that he did commit the offense charged against him in count two; and, in response to the Court's questions, defendant specifically admitted each of the essential elements of the crime charged viz:

(i) That he was required to file a United States individual income tax return for the calendar year 1965.

(ii) That he failed to file a timely tax return for that year.

(iii) That his failure to file a timely tax return for that year was done knowingly and willfully.

(g) Government counsel stated, in response to the Court's question, that, absent defendant's plea of nolo contendere and the Court's finding of guilty to be entered thereon, the government would be in a position to prove beyond a reasonable doubt each of the essential elements of the offense charged in count two; and defendant specifically stated, before entering his nolo contendere plea, that he understood that the government was in a position to so prove its case.

(h) Finally, the Court addressed the following question to defendant and he responded as indicated:

"THE COURT: And finally, I will ask whether in the event the Court accepts your plea of nolo contendere to count two, whether you wish the Court to understand that such plea is entered by you freely, voluntarily, with full acknowledgment of the fact that you did commit the offense charged in count two, including the essential elements of that offense which I have just asked you about, and do you further wish the Court to understand that you enter your plea of nolo contendere with full appreciation and understanding that the Court may impose punishment upon you within the statutory limits that I have indicated to you?

DEFENDANT CRAVATAS: I do, your Honor."

(i) Thereupon, the Court ordered that defendant's not guilty plea to count two be erased; and defendant pleaded nolo contendere to that count.

(j) The Court after accepting defendant's nolo contendere plea and ordering it recorded, made a finding of guilty, stating that " . . . the Court does hereby find, in accordance with Rule 11 of the Federal Rules of Criminal Procedure, and more specifically in accordance with the practice of this Court established by the decision in United States v. Steele, opinion by Honorable J. Joseph Smith, Second Circuit, on June 9, 1969, that there is a factual basis for the finding of guilty . . . ."

(6) On January 11, 1971, following a pre-sentence investigation and report, and while represented by Attorney Lokos, defendant was sentenced upon count two to the maximum of one year in prison and to pay the maximum fine of $10,000 within 10 days. The official court reporter's transcript of the sen-

tencing proceedings before the undersigned on January 11, 1971 is attached hereto as APPENDIX B.

(7) To date the fine has not been paid. No stay of execution thereof has been requested or granted. See APPENDIX B.

(8) At the time of sentencing on January 11, 1971, counts one and three were dismissed upon motion of the government,[2] in accordance with the representation made by government counsel on the record at the time defendant changed his plea on October 26, 1970. APPENDIX A.

(9) At the time of imposition of sentence on January 11, 1971, neither defendant nor his counsel in any way protested what is now alleged to be the severity of the sentence; and nothing whatsoever was said, immediately following the imposition of sentence, along the lines of defendant's present claim that he had not expected to be incarcerated.

(10) Immediately after imposition of sentence on January 11, 1971, defendant, through his counsel, did request and obtain a one week stay of execution of the sentence of imprisonment to enable defendant to "put his affairs in order". APPENDIX B. He was ordered to surrender on January 18, 1971 at 12 noon.

(11) On January 18, 1971, instead of surrendering as ordered a week earlier, defendant, by his counsel, filed in the District Court a Notice of Appeal from the sentence imposed on January 11, 1971, attached hereto as APPENDIX C, together with a Motion To Stay Execution and Brief In Support of Motion, attached hereto as APPENDIX D.

(12) The brief in support of defendant's motion to stay execution (APPENDIX D) set forth the following alleged "very substantial questions of law" to be determined on his "appeal":

(a) The sufficiency of the indictment.

(b) The failure of the Court to provide to the defendant-appellant's counsel the opportunity and adequate time to review the pre-sentencing report.

(c) The excessive and harsh punishment ordered by the Court in view of the offense charged and the defendant-appellant's previous history.

(d) Other errors apparent on the face of the record.

(13) The Court on January 18, 1971 filed a Memorandum Order Denying Defendant's Motion For Stay Of Execution Of Sentence Pending Appeal and For Bail Pending Appeal, attached hereto as APPENDIX E. In denying this motion, the Court expressly held that the appeal "appears to be frivolous and taken for purposes of delay, 18 U.S.C. § 3148 (Supp. V, 1965–69); Rule 46(a) (2), Fed.R.Crim.P., and in any event the undersigned is unable to find any non-frivolous ground of appeal set forth in defendant's moving papers". The Court nevertheless extended the stay of execution of the sentence of imprisonment until January 19, 1971 at 4 P.M. to enable defendant to make application to the Court of Appeals.

(14) On January 19, 1971, defendant brought on for hearing in the Court of Appeals a motion, variously described in the record before the undersigned as a motion for stay of execution pending appeal or for bond pending appeal. The

---

2. At the time of the February 23, 1971 hearing on defendant's instant motion to withdraw his nolo contendere plea and to set aside his conviction, defendant testified that, if the motion were granted, he would waive any statute of limitations defense which otherwise might bar either or both of the dismissed counts. While this is of no consequence in view of the Court's denial of the instant motion, one

nevertheless cannot help but wonder—in the perspective of defendant's present disclaimer that he answered truthfully the Court's questions addressed to him at the change of plea proceedings on October 26, 1970—whether his asserted statute of limitations defense waiver is intended also as a one day ticket: good for the day and trip only.

Court of Appeals denied the motion from the bench on January 19, 1971.

(15) Later on January 19, 1971, Judge Zampano (with the oral approval of the undersigned) granted defendant a further stay of execution of the sentence of imprisonment until January 25, 1971, conditioned upon his posting a $5,000 appearance bond, which bond was posted. The stay of execution of the sentence of imprisonment subsequently was extended until the undersigned could hear defendant's motion to withdraw his plea.

(16) On February 8, 1971, on motion of defendant, the Court of Appeals entered the following order on defendant's appeal of January 18, 1971 (APPENDIX C) from his judgment of conviction of January 11, 1971:

"It is hereby ordered that upon consideration of the motion made herein by counsel for the appellant to withdraw the appeal from the United States District Court for the District of Connecticut without prejudice to renewal that the action be and it hereby is remanded to the United States District Court for the District of Connecticut for the purpose of filing a motion to withdraw his plea.

It is further ordered that this Court shall retain jurisdiction of the appeal." [3]

(17) On February 23, 1971, an evidentiary hearing was held before the undersigned on defendant's motion to withdraw his plea. Four witnesses testified, including defendant and Attorney Lokos. Exhibits were received in evidence. A full opportunity was afforded to both sides to adduce such evidence as they considered appropriate. The hearing concluded at 7:45 P.M., at which time the Court reserved decision on the motion, approved the schedule agreed upon by counsel for serving and filing of briefs and continued defendant's appearance bond until decision on the motion.

(18) In due course, post-hearing briefs were filed by both sides; and the official court reporter's transcript of the evidentiary hearing on February 23, 1971, totaling some 200 pages, was filed.

(19) At the evidentiary hearing on February 23, 1971, the following testimony believed to be critical to the issues on the instant motion was given:

(a) Defendant Cravatas testified that at the time of the change of plea proceedings on October 26, 1970 (Finding (5) above) his answers to the Court's questions were not truthful; specifically, after defendant's counsel directed Cravatas' attention to the Court's questions and Cravatas' answers thereto on October 26, 1970 (Transcript of February 23, 1971 hearing, pp. 66–71), the following question was asked by the Court and was answered by Cravatas *(Id.* at 71):

"BY THE COURT:

Q. Well, were the answers truthful or not truthful, Mr. Cravatas, when you gave them?

A. They were not truthful, your Honor."

(b) Defendant Cravatas testified repeatedly that Attorney Lokos had advised him, if he pleaded nolo contendere, that there was no possibility of a jail sentence and the only question would be the size of the fine; [4] for

---

3. Defendant's counsel at the February 23, 1971 hearing appeared to be under the impression that defendant's appeal of January 18, 1971 had been withdrawn: "That appeal was also withdrawn at the time we filed our motion, in order that we might proceed here without prejudice to an appeal in this case." (Transcript of February 23, 1971 hearing, p. 28). While of course the Court of Appeals order of February 8, 1971 controls, this is of no moment so far as this Court's decision on the instant motion is concerned.

4. Defendant's testimony on this issue at the February 23, 1971 evidentiary hearing was summarized in his post-hearing brief as follows (p. 4):

"He testified that Mr. Lokos's advice to him was constant and unswerving, that there would be no possibility of a jail sentence following a nolo contendere plea and it would only be a question of the size of the fine."

example, Cravatas testified that within five minutes before he changed his plea to nolo contendere he had the following conversation with Attorney Lokos (Transcript of February 23, 1971 hearing, p. 61):

"Q. To the best of your recollection what did Mr. Lokos say to you?

A. Well, he said that, 'It's all arranged.'

The Government would agree to drop the first and the third count, and I would plead nolo contendere to the second count.

Q. Was there any discussion as to the disposition?

A. Yes. He said it would only involve a fine."

(c) Attorney Lokos, on the other hand, testified flatly to the contrary;[5] for example, in response to the Court's questions, Attorney Lokos testified as follows (Transcript of February 23, 1971 hearing, pp. 165–66):

" . . . There never was any arrangement. There was never any pre-deal or any of that kind of nonsense. It was straight analysis of the case from zero fine to ten thousand, from zero days in jail up to one year.

And George was quite concerned —and I admit he was quite concerned—that he might go to jail. And that's why he wanted to change his plea.

However, under the circumstances, as a lawyer, after evaluating the facts, and the facts and the case as it was relayed to me, I still felt at that time, under all circumstances, that the best plea was a nolo plea; and I so indicated."

And Attorney Lokos further testified as follows (*Id.* at 169–70):

"Q. Just one other thing. I think you have covered it.

But again, I would like to be as clear as possible in my own mind on this. And I will put the question to you myself, as a question from the Court:

Did you at any time subsequent to the conference you had in my chambers in the presence of Mr. Byelas on October 26, 1970, any time thereafter, up until the time sentence was imposed on January 11 of this year, did you at any time, at any place, say to Mr. Cravatas, in words or in substance, that he would not be imprisoned?

A. I did not, your Honor.

I do admit, however, like any other lawyer, we hoped for the best for our client.

But I did not at any stage indicate as to what the Court was going to do. . . . "

(d) With respect to the conference held in the chambers of the undersigned, attended by Attorney Lokos and Assistant United States Attorney Byelas, on October 26, 1970 prior to defendant's change of plea, the uncontroverted testimony of Attorney Lokos (which is in accord with the recollection of the undersigned) is that only two matters were discussed at that conference: (i) whether Attorney Lokos could be admitted to practice before this Court; and (ii) whether the Court would accept a nolo contendere plea under the circumstances (Transcript of February 23, 1971 hearing, pp. 159–70). Specifically, Attorney Lokos testified in response to questions by the Court that, when he attempted to raise the question of sen-

5. Again, Attorney Lokos' testimony on this issue at the February 23, 1971 hearing was summarized in defendant's post-hearing brief as follows (p. 4):

"There is no question however, that Mr. Lokos's testimony did not support defendant's position. On the witness stand Lokos testified that he never made any promises whatsoever with respect to sentencing of the defendant."

tence at the chambers conference, the Court promptly ruled him out of order (*Id.* at 166–69):

"The question arose as to what happened in your chambers on the nolo plea.

And I indicated to Mr. Cravatas at that time that after you had accepted—or tentatively we discussed it—at that time you hadn't accepted it. But at that time, while we were discussing whether or not a nolo plea would be in order in this court, I indicated to you that I felt that Mr. Cravatas ought to be fined.

And you promptly stopped me at that time and told me that I was out of order—which I apologized for.

I relayed that fact, the fact that I brought up, under this particular process in your chambers, whether or not he would be fined, or whether or not there would be a fine and imprisonment.

And I very distinctly remember telling Mr. Cravatas that I had so done; you had promptly ruled me out of order; so that left the question of what the final disposition of this particular case was going to be, still open.

Q. On that point that you just mentioned, Mr. Lokos, since we are on the subject of this—this is the chambers conference?

A. That is correct, your Honor.

Q. On October 26, 1970, immediately prior to the entry of a nolo contendere plea—

A. That is correct.

Q. Now do I understand your testimony to be that *that* was the only reference to the subject of sentence that was made in my chambers on that day, at which time you and Mr. Byelas were present?

A. That is correct. That is absolutely correct.

We came out of your chambers. We came back into court immediately thereafter, and you were in session again.

The only thing I told George at that time was that you had accepted the nolo plea.

Because George and I had discussed, coming up here, whether or not he was going to plead guilty, and whether or not I felt that if the Court would accept a nolo contendere plea to one count, that was a better arrangement than pleading guilty to one count.

Because it was my understanding when I first came up here that that was exactly what was to transpire.

Q. Well, getting back to what I was trying to get at, I simply want your best recollection—and perhaps you have already told us. I just don't want to have any question about it, to the extent of your recollection on this point—that conference in my chambers.

Do I understand your testimony correctly to be that you mentioned the subject of imprisonment yourself?

A. I mentioned the subject of fine in your chambers with reference to after a plea of nolo was entered. And at that time you held me out of order, suggesting that the sentencing was still within your domain and that, by accepting a plea of nolo, in no way nor by any intent did you mean to suggest what the ultimate fine or imprisonment or anything else was going to be. And that is the only discussion as to that that I relayed to Mr. Cravatas.

I told him distinctly that, as far as the chambers discussion was concerned, when I had suggested that we were going to enter this nolo plea, that you specifically stated and made clear that the sentence was still to be determined by you on the basis of all the facts."

(20) Defendant was admitted to practice before the bar of this Court on May

2, 1955 and has been a member of the bar of this Court continuously from that date until the date of the instant decision.

(21) Defendant testified on February 23, 1971 that he had not engaged in any federal criminal practice; that he was not familiar with the Federal Rules of Criminal Procedure; and that he had had no experience with plea bargaining (Transcript of February 23, 1971 hearing, pp. 34–35).

(22) The records of this Court, of which judicial notice is taken, disclose, however, that defendant Cravatas was the attorney of record—either as retained counsel or as court appointed counsel—for the defendants in at least the following four criminal cases in this Court:

United States v. Van Vangele
Crim. No. 10,035

United States v. Susane Jones
Crim. No. 10,750

United States v. Susane Jones
Crim. No. 10,771

United States v. Ahmet Nev zat Tayfun
Crim. No. 10,972

The criminal docket sheets of this Court for each of the above cases are attached as APPENDICES F, G, H and I, respectively. In addition, attached as APPENDICES J and K, respectively, are the official court reporters' transcripts of proceedings in which defendant Cravatas appeared in the *Van Vangele* and *Tayfun* cases on March 23, 1960 and January 6, 1964, respectively.[6]

## CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the subject matter and the parties.

(2) Defendant himself at all relevant times was an attorney and a member of the bar of this Court.

(3) Defendant at all relevant times was represented by competent, retained counsel of his own choice who had had experience as a trial attorney with the Criminal Frauds Section of the IRS.

(4) Defendant's plea of nolo contendere on October 26, 1970 to a charge of willful failure to file his 1965 federal income tax return was made voluntarily, with understanding of the nature of the charge and with understanding of the consequences of the plea.

(5) The Court, before accepting defendant's nolo contendere plea on October 26, 1970, personally addressed defendant and made the determinations set forth above in conclusion (4).

(6) The Court, before making a finding of guilty based on defendant's nolo contendere plea, satisfied itself that there was a factual basis for the plea and the record fully sets forth that factual basis.

(7) The requirements of Rule 11, Fed. R.Crim.P., were fully complied with by the Court before accepting defendant's nolo contendere plea and making a finding of guilty based thereon.

(8) The sentence of one year imprisonment and a $10,000 fine imposed by the Court upon defendant on January 11, 1971 is the maximum sentence authorized by law for the offense to which defendant pleaded nolo contendere and as to which the Court found defendant guilty.

(9) Defendant has not been denied the effective assistance of counsel.

(10)· Defendant has not been denied the right to be present at every stage of his trial, as required by Rule 43, Fed.R. Crim.P.

(11) Defendant has not sustained the burden of proving that manifest injustice will result if he is not permitted to withdraw his plea and if the judgment

---

6. In view of the incompleteness of the court records in these relatively old criminal cases, the Court does not attach any weight to them so far as the issues in this case are concerned; they are in no way determinative of the instant motion. They do indicate, of course, some familiarity by defendant Cravatas with criminal proceedings in this Court.

of conviction is not set aside, pursuant to Rule 32(d), Fed.R.Crim.P.

(12) Defendant is not entitled to withdraw his plea.

(13) Defendant is not entitled to have his conviction set aside.

(14) Defendant's motion should be denied in all respects.

## OPINION

■ Since defendant's Rule 32(d) motion to withdraw his plea is addressed to the discretion of the Court, United States v. Lombardozzi, 436 F.2d 878, 881 (2 Cir. 1971); United States v. Giuliano, 348 F.2d 217, 221–22 (2 Cir.), cert. denied, 382 U.S. 946 (1965); United States v. Hughes, 325 F.2d 789, 792 (2 Cir.), cert. denied, 377 U.S. 907 (1964); United States v. Smiley, 322 F.2d 248, 249 (2 Cir. 1963) (per curiam); United States v. Lester, 247 F.2d 496, 500 (2 Cir. 1957), the Court believes that it is incumbent upon it briefly to indicate the basis for its exercise of discretion in denying defendant's motion. Such basis is set forth in the foregoing findings of fact and conclusions of law, together with the following statement of legal principles believed to be controlling.

Defendant's claim that the Court did not comply with the requirements of Rule 11, Fed.R.Crim.P., in accepting his plea of nolo contendere and in making a finding of guilty based thereon would appear to be conclusively refuted by the transcript of the change of plea proceedings on October 26, 1970 (APPENDIX A). The essential requirements of Rule 11, as amended July 1, 1966, for accepting a plea have been enunciated repeatedly. McCarthy v. United States, 394 U.S. 459, 464–67 (1969); Manley v. United States, 432 F.2d 1241, 1243–44, 1246 (2 Cir. 1970); United States v. Steele, 413 F.2d 967, 968–69 (2 Cir. 1969). *Cf.* Halliday v. curiam); Fields v. United States, 438 F.2d 205, 207 (2 Cir. 1971). The requirements of Rule 11, as clearly appear on the face of the rule and

as enunciated by the authorities cited, are: (1) that the Court must personally address defendant; (2) that the Court must determine whether the plea is made (i) voluntarily, (ii) with understanding of the nature of the charge, (iii) with understanding of the consequences of the plea; and (3) that the Court must be satisfied that there is a factual basis for the plea. Each of these requirements was meticulously complied with, as the transcript of the change of plea proceedings shows, before the Court accepted defendant's nolo contendere plea and made a finding of guilty based thereon.

In assessing defendant's claim that his plea was not "made voluntarily with understanding of the nature of the charge and the consequences of the plea", Rule 11, Fed.R.Crim.P., the Court has endeavored to apply what it believes to be the controlling authorities on voluntariness and understanding. The Court of Appeals for our Circuit in United States v. Lombardozzi, *supra,* at 880, in affirming the District Court's denial of a Rule 32(d) motion to withdraw a guilty plea, recently has stated:

"The opinion in Brady v. United States, 397 U.S. 742, 749 (1970), makes it clear that a guilty plea is the product of many factors and that its voluntariness can be determined only by weighing 'all of the relevant circumstances.' "

And see McCarthy v. United States, *supra,* at 467 n. 20: "The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in the Rule itself."

The Court of Appeals in *Lombardozzi* stressed that "[a]ppellant was not an uncounseled, uneducated defendant unfamiliar with the workings of the criminal law but rather a sophisticated and intelligent man". 436 F.2d at 880–81. Without dilating upon it, this surely applies *a fortiori* to defendant Cravatas; the record here is crystal clear that he is sophisticated and intelligent, has had

first hand experience as a lawyer with the workings of the criminal law in this very Court, and was represented at the time of his own plea and sentencing by retained counsel who had had trial experience with the Criminal Frauds Section of the IRS. In United States v. Komitor, 392 F.2d 520 (2 Cir.), cert. denied, 393 U.S. 827 (1968), on facts strikingly parallel to those of the instant case, the Court of Appeals for our Circuit affirmed the District Court's denial of a Rule 32(d) motion to withdraw a guilty plea after sentence, stating, "It strains credulity to think that appellant, himself a lawyer and represented by competent counsel, could have mistakenly pleaded guilty to this charge." 392 F.2d at 521.

■ The crux of defendant's claim in the instant case on the issue of voluntariness and understanding is that, following his nolo contendere plea, the Court imposed a more severe sentence than defendant says his attorney had led him to expect. Assuming arguendo the correctness of defendant's version of what his attorney told him (although Attorney Lokos' testimony flatly contradicts defendant's version), such understanding on the part of defendant as a matter of law would not render the plea involuntary and would not entitle him to withdraw it. United States ex rel. Bullock v. Warden, 408 F.2d 1326, 1330 (2 Cir. 1969), cert. denied, 396 U.S. 1043 (1970); United States v. Horton, 334 F.2d 153, 154–55 (2 Cir. 1964); United States v. Parrino, 212 F.2d 919, 921 (2 Cir.), cert. denied, 348 U.S. 840 (1954); United States v. Weese, 145 F.2d 135, 136 (2 Cir. 1944); Holland v. United States, 406 F.2d 213, 216 (5 Cir. 1969); Pinedo v. United States, 347 F.2d 142, 147–48 (9 Cir. 1965), cert. denied, 382 U.S. 976 (1966); Moore v. United States, 334 F.2d 25, 26 (5 Cir. 1964); Georges v. United States, 262 F.2d 426, 430–31 (5 Cir. 1959); Ridgeway v. United States, 205 F.2d 680 (6 Cir. 1953). Particularly appropriate here is the observation by the Court of Appeals for our Circuit in affirming the denial of a motion to withdraw a guilty plea after sentence in United States v. Weese, *supra*, at 136:

"If on so flimsy a basis as this, amounting, at least at the actual time of plea, to no more than counsel's hope for a suspended sentence, a plea of guilt may be withdrawn, it is obvious that an accused may safely indulge in a plea of guilt as a mere trial balloon to test the attitude of the trial judge, being reasonably secure in the knowledge that he can withdraw it without great difficulty. The motion was properly denied."

■ Defendant's claim that his absence from the chambers conference on October 26, 1970 violated his right to be present "at every stage of the trial", Rule 43, Fed.R.Crim.P., is without merit. Such conference clearly was not a stage of the trial; and in any event there was no conceivable prejudice to defendant as a result of his absence from a conference at which the only matters discussed were whether Attorney Lokos would be admitted to practice before the Court and whether the Court would accept a nolo contendere plea under the circumstances, the Court having permitted no discussion whatever at such conference on the subject of sentence (Finding (19)(d) above). Taylor v. United States, 385 F.2d 835, 836–37 (8 Cir. 1967) (per curiam), cert. denied, 393 U.S. 879 (1968); Estes v. United States, 335 F.2d 609, 618 (5 Cir. 1964); Cox v. United States, 309 F.2d 614, 615–18 (8 Cir. 1962); Pope v. United States, 287 F. Supp. 214, 218–19 (W.D.Tex.1967), aff'd, 398 F.2d 834 (5 Cir. 1968) (per curiam), cert. denied, 393 U.S. 1097 (1969); Smith v. United States, 277 F. Supp. 850, 860–63 (D.Md.1967), aff'd, 401 F.2d 773 (4 Cir. 1968) (per curiam).

Upon the entire record, manifest injustice will not result from denial of defendant's motion to withdraw his nolo contendere plea and to set aside the judgment of conviction. Rule 32(d), Fed.

R.Crim.P.; United States v. Parrino, *supra,* at 921, 922; United States v. Weese, *supra,* at 136; Pinedo v. United States, *supra,* at 147–48; Kadwell v. United States, 315 F.2d 667, 670 (9 Cir. 1963); Georges v. United States, *supra,* at 430–31; Ridgeway v. United States, *supra,* at 680. The standard of "manifest injustice" required to be shown before withdrawal of a plea will be permitted *after* sentence is well articulated in Kadwell v. United States, *supra,* at 670: .

> "On the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of 'manifest injustice.' This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process."

■ The Court holds that defendant Cravatas clearly has not sustained the burden of establishing grounds for withdrawal of his plea. United States v. Lombardozzi, *supra,* at 881; United States v. Giuliano, *supra,* at 221; United States v. Smiley, *supra,* at 249.

The Court has endeavored in this Memorandum of Decision to rule upon the principal claims urged by defendant in support of his motion to withdraw his nolo contendere plea and to set aside his judgment of conviction. All claims of fact and law urged by defendant have been carefully considered by the Court. Only those believed to merit discussion have been mentioned herein.

In the final analysis, this case comes down to a very simple proposition. A lawyer, having pleaded nolo contendere to and having been found guilty of willful failure to file his income tax return, is dissatisfied with the sentence imposed. Stripped of the extraneous and collateral issues sought to be raised, defendant's claim in essence is that his sentence is more severe than he was led by his attorney to expect. Such claim as a matter of law is insufficient. But on the factual dispute the Court has heard the testimony of defendant and his witnesses on the one hand and the testimony of Attorney Lokos who flatly contradicts defendant's evidence. The Court, applying the recognized tests for determining credibility, finds that Attorney Lokos testified truthfully and that defendant Cravatas' evidence is not worthy of belief. See United States v. Capaldo, 276 F.Supp. 986, 992–93 (D. Conn.1967), aff'd, 402 F.2d 821 (2 Cir. 1968), cert. denied, 394 U.S. 989 (1969); Lomartira v. American Automobile Insurance Company, 245 F.Supp. 124, 131 (D.Conn. 1965), aff'd, 371 F.2d 550 (2 Cir. 1967).

### ORDER

ORDERED that defendant's motion to withdraw his plea of nolo contendere and to set aside his judgment of conviction be, and the same hereby is, denied in all respects.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.