UNITED STATES of America

v.

Michael E. RUSSO, Defendant.

No. 71 Cr. 332 (DNE).

United States District Court,
S. D. New York,
Criminal Division.

Nov. 22, 1974.

Paul J. Curran, U. S. Atty., for S.D.N.Y. (Ira Lee Sorkin, Asst. U. S. Atty., of counsel), for plaintiff.

Samuel D. Pressman, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

On March 25, 1971 a twenty-five count indictment was filed against Michael E. Russo, Frank Terranova and Robert A. Bernstein charging them with conspiracy and bribery. All three defendants were charged with Count One, to wit, conspiring to violate Section 201(b), (c), (f) and (g) of Title 18 of the United States Code. With respect to the remaining counts, concerning violations of 18 U.S.C. §§ 201(c), (g) and 2, Russo and Terranova were charged with all twenty-one; Bernstein was charged with a total of fourteen. Pleas of not guilty were entered with respect to all three defendants.

Subsequently, on June 24, 1974, a *nolle prosequi* was filed with respect to Terranova in the indictment following his plea of guilty to Information 73 Cr. 1058, to which he was given a suspended sentence. The third defendant, Bernstein, is deceased. On June 8, 1972 defendant Russo, in the presence of his attorney, withdrew his not guilty plea and pleaded guilty to Count Fourteen. *See* Indictment 71 Cr. 332. Sentencing, however, was postponed with Russo's consent upon a motion of the Government made on the ground that Russo had been cooperating with the Government and that, since he would be a key Government witness at the trial of Terranova, "the Government [would be] unduly prejudiced if . . . Russo [were] sentenced prior to testifying at the trial [and] Russo [would] also be

prejudiced in that he [would] be deprived of the opportunity to demonstrate to the Court the full extent of his cooperation prior to being sentenced."

By motion filed August 5, 1974, Russo now moves this court (1) for an order pursuant to Fed.R.Crim.P. 32(d) permitting him "to withdraw his previously entered plea of guilty to Count # 14 of said indictment to cover the indictment," and (2) "for an Order permitting [him] to enter a plea of guilty to Count # 1 of the said indictment to cover the indictment." The Government has indicated by affidavit that it has no objection to this motion.

■■ With respect to the first request of the defendant, whether a presentence motion under Rule 32(d) of the Federal Rules of Criminal Procedure should be granted is committed to the sound discretion of the court. United States v. Lombardozzi, 436 F.2d 878, 881 (2d Cir.), cert. denied, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971). On the basis of these motion papers the court is not persuaded that a "fair and just" reason exists, Kerchival v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), which warrants the exercise of that discretion in favor of permitting Russo to withdraw his guilty plea to Count Fourteen.

While Russo suggests in his papers that he was not informed by his attorney until after his plea was entered that Count Fourteen "constitutes" a felony under New Jersey law, he has made no attempt to explain the relevance of this circumstance to the instant motion nor has he revealed what consequences might ensue if his guilty plea remains unchanged. In any event, even assuming *arguendo* that Russo's conclusion with respect to New Jersey law is correct and even assuming further that he was unaware of this factor at the time he entered the guilty plea, this court does not believe that defendant's un-

awareness or "mistake" as to such a collateral consequence warrants an order granting this motion.

■ Before accepting defendant's guilty plea this court conducted in the presence of Russo's attorney an exhaustive inquiry of the defendant consistent with Fed.R.Crim.P. 11. That examination concerned, in part, Russo's understanding of the charge, the voluntariness of the plea, his understanding of its consequences, and the factual basis underlying the plea. This court will not permit the withdrawal of a plea accepted under such circumstances in the absence of a more compelling reason than that which now appears before the court. Even on a presentence motion, withdrawal is not a matter of right and sufficient grounds must be established. United States v. Lombardozzi, 436 F.2d at 881. Such grounds are not here present. That defendant has failed to assert his innocence with respect to Count Fourteen, while not dispositive of this motion, augurs in favor of this conclusion.

In disposing of this part of the motion the court has considered the fact that defendant has cooperated extensively with the Government.[1] Again, however, while the court recognizes that it has discretion to grant the motion, the court must reiterate its belief that the circumstances of this case do not warrant the relief sought.

■ In view of the court's denial of defendant's request to withdraw his guilty plea to Count Fourteen, the court need not consider Russo's second application, namely his request for an order permitting him to enter a guilty plea to Count One. In any event, as this court has already noted, it will accept a guilty plea only upon the completion of a thorough inquiry of the defendant pursuant to Rule 11. Accordingly, the court will not accept a guilty plea on the basis of these motion papers alone.

Motion denied in all respects.

1. As attested to in the affidavit of the Assistant United States Attorney submitted in response to this motion, Russo began cooperating with the Government concerning his involvement and the involvement of Terranova in this case prior to the entry of his plea of guilty.