**UNITED STATES of America, Appellee,**

v.

**Donald EUCKER et al.,
Defendants-Appellants.**

**Nos. 309, 313 and 315, Dockets 75–1246, 75–1280 and 75–1303.**

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1975.

Decided July 2, 1976.

Stanley S. Arkin, New York City (Stanley S. Arkin, P. C., Mark S. Arisohn, New York City, of counsel), for appellant Eucker.

Audrey Strauss, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Lawrence B. Pedowitz, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MOORE, FEINBERG and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM.

Appellant Eucker pleaded guilty to a single count of the indictment which charged that he:

unlawfully, wilfully and knowingly, did, directly and indirectly, hypothecate and arrange for and permit the continued hypothecation of fully paid for securities carried for the account of customers of Orvis under circumstances that permitted such securities to be hypothecated and subjected to liens and claims of pledges in amounts up to $7,000,000.00. (Title 15, United States Code, Sections 78h and 78ff and 17 C.F.R. Section 240.8c–1; Title 18, United States Code, Section 2.)

On appeal, Eucker insisted that he was charged with violating subsection 3 of 15 U.S.C. § 78h(c) and that the indictment should have been dismissed because it failed to allege an essential element of the crime charged, to wit, that the total amount of securities hypothecated was in excess of the aggregate customer indebtedness to Orvis with respect to such securities. Because the Government insisted that it was proceeding under subsection 1 of § 78h(c), we remanded to the District Court for findings as to whether appellant's plea was know-

ingly made. *See United States v. Eucker,* 532 F.2d 249 (2d Cir. 1976).

On April 27, 1976, following a hearing at which appellant's testimony was taken, District Judge Knapp found that Eucker knew at the time of his plea that the facts to which he pleaded guilty necessarily involved a violation of subdivision 1. He therefore denied appellant's application to withdraw his guilty plea. Because this finding was not clearly erroneous, *United States v. Lombardozzi,* 436 F.2d 878, 881 (2d Cir.), *cert. denied,* 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971), the judgment appealed from is affirmed.