**Warren Albert SWANSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17096.**

United States Court of Appeals
Eighth Circuit.

June 28, 1962.

Warren Albert Swanson, pro se.

No appearance for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant's motion, under 28 U.S.C.A. § 2255, to have his sentence vacated was denied by the trial court without a hearing. The court permitted him to file notice of appeal without payment of fee, but denied him leave to proceed further in forma pauperis, on the ground that the appeal was not taken in good faith. He challenges here this ruling

and seeks leave from us so to prosecute his appeal.

The files and records of appellant's conviction and sentencing conclusively show, as the trial court held, that he is entitled to no relief on his motion.

Appellant, with representation by court-appointed counsel, had pleaded guilty to two counts of an indictment, one of which charged him with an unlawful sale of heroin, in violation of 21 U.S.C.A. § 174, and the other of which charged him with a conspiracy, in conjunction with other persons, to violate § 174, by receiving, concealing, buying, selling and facilitating the transportation of heroin, knowing it to have been imported into the United States, contrary to law. A sentence of 12 years was imposed upon each count, with the sentences to run concurrently. Two other counts against appellant were thereupon dismissed by the United States Attorney.

The principal basis of appellant's motion to vacate was an assertion that he was induced to plead guilty because of a representation by his appointed counsel that he would be given a sentence of not over 5 years. But, as expressed by Judge Aldrich, in Domenica v. United States, 1 Cir., 292 F.2d 483, 485, "Mere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea".

Beyond this, however, the record of the proceedings here shows that before his plea was accepted on either count he was carefully interrogated, both by the United States Attorney and the Court, as to whether any promise had been made to him by anyone, including his attorney, that the Court would exercise any leniency or that his sentence would be different than if he stood trial. He answered expressly that he knew that he could be given a sentence of up to 20 years on each count; that no promise of leniency had been made to him by anyone, including his attorney; that he had no thought that any leniency would be exercised by the Court in the matter; and that each of his pleas of guilty was being made voluntarily and understandingly on his part. Two others of the four defendants charged in the indictment similarly entered pleas of guilty. Only the fourth defendant chose to stand trial, and he was duly convicted by a jury.

The proceedings showing the interrogation and the answers of appellant are fully quoted in the trial court's Memorandum, and there is no need to set them out again here. Nor is there any occasion to repeat the demonstration made in the court's Memorandum of the frivolousness of each of appellant's other contentions.

The appeal will be permitted to be docketed without payment of fee and it will thereupon be dismissed as being frivolous.