James Peter TAYLOR, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 17188.

United States Court of Appeals Eighth Circuit.

Oct. 18, 1962.

George G. McPartlin, St. Paul, Minn., for petitioner.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., and John J. Connelly, Asst. U. .S. Atty., St. Paul, Minn., in opposition.

Before SANBORN and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

SANBORN, Circuit Judge.

James Peter Taylor, a prisoner under sentence of the United States District Court for the District of Minnesota, has petitioned this Court for leave to prosecute in forma pauperis his appeal from an order of November 1, 1961, denying a motion under 28 U.S.C. § 2255 for the vacation of his sentence, notwithstanding the certificate, under 28 U.S.C. § 1915 (a), of Chief Judge Devitt, who heard and decided the motion, that the appeal is not taken in good faith.

This Court, in Taylor v. United States, 8 Cir., 282 F.2d 16, an appeal from a previous denial of Taylor's motion under § 2255, on July 29, 1960 decided that the only issue raised by Taylor in his motion that required a hearing was his claim that he was mentally incompetent during the proceedings conducted before Judge Nordbye which led to Taylor's conviction upon his plea of guilty to a charge of having killed a bank cashier in attempting to avoid apprehension for bank robbery and to charges of the interstate transportation of counterfeited and stolen travelers checks. This Court remanded the case for a hearing on that one issue.

The District Court, in compliance with the direction of this Court, on October 27, 1960 ordered that Taylor be accorded a hearing before Judge Devitt on the issue of alleged mental incompetency of Taylor during the proceedings which led to his conviction. A hearing was held on July 10, 11 and 12, 1961, with Taylor present and represented by thoroughly competent counsel appointed by Judge Devitt. As a prelude to his findings of fact, conclusions of law, and order, reported in D.C., 199 F.Supp. 734, Judge Devitt recited the lengths to which the court went in according Taylor a comprehensive hearing on his claim of mental incompetency during the criminal proceedings against him. The findings of fact and conclusions of law of Judge Dev-

itt state fully and in great detail the evidentiary basis for his determination that Taylor was mentally competent at all times during all proceedings leading to the sentence which he seeks to have vacated. Taylor's motion was therefore again denied.

On November 17, 1961, Taylor lodged with the Clerk of the District Court a notice of appeal from the denial of his motion, and moved for leave to proceed on appeal in forma pauperis. By order of the same date he was permitted to file his notice of appeal without prepayment of Clerk's fees, but his motion was otherwise denied, Judge Devitt certifying that the appeal was not taken in good faith. On December 8, 1961, an additional order was entered, denying a supplemental application filed by Taylor for leave to proceed on appeal as a poor person.

On December 18, 1961, Taylor filed with the Clerk of this Court what he entitled, "Motion to Review the District Court's Certification that Proposed Appeal is Made in Bad Faith." This was, in effect, a petition for leave to proceed in forma pauperis on appeal from the denial of his motion to vacate sentence, notwithstanding Judge Devitt's certificate.

This Court on February 6, 1962, declined to rule on Taylor's motion, and offered to appoint counsel to assist him in making a showing which might warrant granting him the right to prosecute his appeal as a pauper. Upon his acceptance of the offer, this Court on April 17, 1962, appointed Messrs. George G. McPartlin and John S. Connolly, of the St. Paul, Minnesota, bar, "to represent him [Taylor] in this Court in connection with the question as to whether or not appellant should be permitted to prosecute his appeal in forma pauperis * * *." This was done out of an abundance of caution and to make certain that every permissible consideration was extended to Taylor in his efforts to secure a review of the order denying his motion under § 2255.

An appeal from the denial of a motion under § 2255 is not the equivalent

of an appeal from a judgment of conviction, nor is it a step in the criminal proceeding which resulted in the judgment challenged. The motion is a step in a federal civil proceeding available to test the validity of a prisoner's detention. Gershon v. United States, 8 Cir., 243 F.2d 527, 530, certiorari denied 355 U.S. 873, 78 S.Ct. 124, 2 L.Ed.2d 78; Hill v. Settle, 8 Cir., 244 F.2d 311; Young v. United States, 8 Cir., 246 F.2d 901; Anderson v. Heinze, 9 Cir., 258 F.2d 479, 481, certiorari denied 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116.

Taylor was not only furnished by the District Court with the assistance and advice of able counsel at every step of the criminal proceeding brought by the Government against him, but also at every step of the civil proceeding brought by him against the Government under § 2255; and this Court appointed counsel to assist Taylor in his attempt to impeach as arbitrary, erroneous or unwarranted the certificate of Judge Devitt that the appeal of Taylor is not taken in good faith. Taylor has certainly had his full day in court and has received every permissible consideration.

Mr. McPartlin on June 27, 1962, in compliance with the directions in the order of this Court appointing him to assist Taylor in connection with his attack upon the certificate of Judge Devitt that Taylor's appeal is not taken in good faith, filed a report containing a "Statement of Case" outlining in detail what occurred at the hearing before Judge Devitt, what witnesses appeared, and what evidence was introduced. The report of Mr. McPartlin had the approval of Mr. Connolly, and its accuracy is not questioned by counsel for the Government.

That Taylor was given a full and fair hearing on his claim that he was mentally incompetent during the proceedings leading to his conviction, is unquestionable. There was, obviously, ample evidence to support the determination of Judge Devitt that Taylor was during those proceedings mentally competent. The issue tried was an issue of fact for

the trial court, and cannot be made a question of law for this Court. Clayton v. United States, 8 Cir., 302 F.2d 30, 35. See and compare, United States v. Pledger, 4 Cir., 301 F.2d 906. In Gershon v. United States, supra, at page 530 of 243 F.2d, we said: "Surely, no court is required to grant leave to a defendant to appeal in forma pauperis where it is obvious that his appeal is doomed to futility." There would be no justification for permitting Taylor to go any further with his frivolous appeal or for requiring his court-appointed counsel to waste further time and efforts on his behalf.

Taylor's petition for leave to proceed on appeal in forma pauperis is denied. The appeal will be docketed without prepayment of Clerk's fee, and dismissed as frivolous.

Clark, Waterman, Moore, and Smith, Circuit Judges, dissented.