**James P. TAYLOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17623.**

United States Court of Appeals
Eighth Circuit.

April 16, 1964.

James P. Taylor, pro se.

No appearance for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The denial of a previous motion by appellant to vacate sentence under 28 U.S.C.A. § 2255 was reversed by us in Taylor v. United States, 8 Cir., 282 F.2d 16, with directions to hold a hearing upon appellant's claim that he was mentally incompetent during the proceedings leading to his conviction and sentence.

A full-scale hearing was engaged in by the District Court, with appellant being present and duly represented by counsel, and with a large amount of evidence being adduced. Upon careful consideration of all of this oral and documentary evidence, the Court found that appellant had been mentally competent to understand the proceedings against him and to effectively assist in his defense; that this competency obtained in all of the proceedings involved; and that his conviction and sentence were accordingly valid. Detailed findings were made

by the Court, which are reported in Taylor v. United States, D.C.Minn., 199 F.Supp. 734.

Upon application being made to us for leave to appeal in forma pauperis from this determination, after a certification by the District Court that the appeal would be one that was without merit and so not taken in good faith, we undertook to satisfy ourselves whether there was any basis to request us to review the evidence in relation to the Court's findings, or whether the appeal would in the situation be frivolous. We made appointment of the counsel who had represented appellant on the hearing, and who thus was familiar with the proceedings and the evidence, to make indication for him of any possible appellate substance that could be involved in the situation. A detailed statement was prepared and filed as to the proceedings and the evidence, from which it was manifest that the situation was without basis for a contention that the evidence did not amply support the District Court's findings.

We accordingly refused to permit the appeal to be proceeded with and dismissed it as frivolous. Taylor v. United States, 308 F.2d 776, 777. Our opinion said (308 F.2d at 778 and 779): "That Taylor was given a full and fair hearing on his claim that he was mentally incompetent during the proceedings leading to his conviction, is unquestionable. There was, obviously, ample evidence to support the determination of Judge Devitt that Taylor was during those proceedings mentally competent. The issue tried was an issue of fact for the trial court, and cannot be made a question of law for this Court. * * * There would be no justification for permitting Taylor to go further with his frivolous appeal or for requiring court-appointed counsel to waste further time and efforts on his behalf".

■ Appellant thereafter filed another motion to vacate sentence under 28 U.S.C.A. § 2255, seeking to have the District Court once more engage in a consideration of the question of his mental competency, under the guise of a charge that his appointed counsel had failed to render him effective assistance. He contends that counsel should have raised the question of his mental competency in his conviction and sentencing proceedings through a timely request to the Court for a mental examination and hearing under 18 U.S.C.A. § 4244. But the plenary hearing and determination which appellant was given on his previous motion to vacate, 199 F.Supp. 734, have afforded him all the right and precaution which could have come to him through proceedings under § 4244. As has been indicated, the Court specifically found that appellant was at all times mentally competent to understand the proceedings against him and to effectively assist in his defense. His contention as to the failure of his counsel to have requested an examination under § 4244 would therefore not be entitled to any consideration as a question of due process in respect to his legal representation.

He further contends that his counsel should have raised the defense for him that he was insane at the time of the commission of the crime. The situation, however, is not one in which appellant stood trial, but one in which he pleaded guilty. On the determination of competency made in his previous § 2255 proceeding, that plea was one which appellant had the capacity to make.

■ Beyond this, his contention that, on the indications of mental incompetency which existed, his counsel failed to render effective assistance in not requiring him to stand trial on the criminal charge and setting up insanity as a defense, constituted in the circumstances of the situation an attempt to have the Court engage in another consideration of his mental condition upon the same basis and elements as it had previously done. The determination made had duly taken into account the background and history, as well as other material, upon which appellant sought to rest his present motion. The evaluation made as to all these aspects entitled the Court to treat the motion as not presenting any question of substance or merit sufficient

to require hearing on the character of the assistance which had been rendered by his counsel, as a claim of want of due process. The appeal from the Court's denial of appellant's motion is entitled to be dismissed as frivolous.

It may be added that the charge of lack of effective assistance of counsel was also made in appellant's previous motion, and that our opinion undertook to lay this charge at rest by stating consideredly that a detailed examination of the tremendous record involved "indicates conclusively a lack of substance to this charge". 282 F.2d at 19.

Appeal dismissed.