James P. TAYLOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18790.

United States Court of Appeals Eighth Circuit.

Nov. 28, 1967.

Rehearing Denied Jan. 10, 1968.

1. In re Panitz & Co., D.Md., 270 F.Supp. 448.

James P. Taylor, pro se.

Patrick J. Foley, U. S. Atty., for the District of Minnesota and William E. Falvey, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, ME-HAFFY, and HEANEY, Circuit Judges.

PER CURIAM.

This is an appeal by James P. Taylor, hereinafter referred to as defendant, from an order denying his § 2255 motion to vacate sentence imposed in 1956 upon his conviction after his voluntary plea of guilty to charges of murdering a bank cashier and interstate transportation of stolen travelers checks.

Defendant has been before this court on three prior occasions on § 2255 motions. Taylor v. United States, 8 Cir., 282 F.2d 16; Taylor v. United States, 8 Cir., 308 F.2d 776; Taylor v. United States, 8 Cir., 330 F.2d 157. The factual background of this litigation is adequately set out in our prior opinions. Such decisions reject defendant's contention that he was mentally incompetent to enter a plea of guilty, that his guilty plea was not voluntary, and that counsel representing him did not give him effective assistance. Defendant's present motion and his brief appear to reiterate the grounds of attack involved in the prior opinions. Defendant had a full hearing upon all such issues and has presented no new facts or law which would require a reconsideration of such issues.

Defendant in his present motion raises an issue not previously presented, to wit, that he has been denied rights guaranteed him by the Constitution and Rule 43, Fed.R.Crim.P., to be present at every stage of the trial, in that he was not present during the following proceedings: (1) Arguments on preliminary motions disposed of prior to commencement of trial. (2) Discussion in chambers instituted by defendant's counsel where a plea in mitigation was made on behalf of defendant and arrangements were made for the mental examination of defendant as a possible basis for mitigation of punishment.

The trial court denied the motion now before us without hearing upon the ground that "the motion, files and records in this case conclusively show that plaintiff is entitled to no relief." Such ruling is supported by the record. We affirm.

With respect to defendant's absence during arguments on the preliminary motions, the nature of which are described in our prior opinion at p. 19 of 282 F.2d, it is doubtful whether such motions constitute a part of defendant's trial. See Cox v. United States, 8 Cir., 309 F.2d 614, and cases there cited; Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674.

Moreover, defendant's voluntary plea of guilty, made while represented by competent counsel, forecloses collater-

al attack upon the conviction and sentence. Hughes v. United States, 8 Cir., 371 F.2d 694, 696; United States v. Hetherington, 7 Cir., 279 F.2d 792, 796.

The authorities previously cited likewise support the view that the conference in chambers in support of mitigation of punishment, which occurred after acceptance of the plea of guilty and before sentence was imposed, does not constitute a part of the trial. No reasonable probability here exists that the defendant was in any way prejudiced by such conference in chambers. Defendant was present when sentence was imposed and full opportunity for allocution was afforded.

The judgment is affirmed.