Johnny Wilson **HOLLAND**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25928.

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1969.

214

Johnny Wilson Holland, pro se.

R. Macey Taylor, Asst. U. S. Atty., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for appellee.

Before ALDRICH *, GODBOLD and DYER, Circuit Judges.

PER CURIAM:

Holland appeals from the District Court's denial of his 2255 motion to vacate his sentence. The motion alleged that Holland was incompetent at the time that his pleas were entered and that his pleas were not voluntarily and understandingly made because of coercion by his counsel. An evidentiary hearing was held on the motion. Holland was not present. He also asserts this as error on appeal. We affirm.

From the papers in the cause and the hearing it appears that an indictment was returned against Holland on three counts in connection with the robbery of the Muscle Shoals Bank. Count One charged a violation .of Title 18 U.S.C.A. Section 2113(e), a capital offense. Counts two and three charged violations of Sections 2113(d) and 2113(a). Prior to arraignment Holland was represented by counsel of his own choice who subsequently withdrew. At the arraignment Holland appeared with other counsel of his own choice, entered pleas of not guilty and filed a pro se motion alleging temporary insanity at the time of the offenses and continuing thereafter. On motion of the United States Attorney the Court appointed a psychiatrist who examined Holland. He was found to be competent and able to understand the

* Of the First Circuit, sitting by designation.

proceedings against him and to cooperate in his defense. There was full compliance with 18 U.S.C.A. Section 4244.

Being dissatisfied with the court appointed psychiatrist's report, Holland and his sister arranged through Holland's counsel to have Holland examined by a privately retained psychiatrist. The findings of this examination were entirely consistent with the findings of the court appointed psychiatrist.

Holland's counsel in this case had been previously retained to represent him in connection with an indictment charging Holland with robbing a bank in Tennessee. He was also defending him in connection with pending state charges. Holland was knowledgeable about Rule 11 and Rule 20 [1] and at Holland's suggestion his counsel conferred with the United States Attorney to request that the indictment pending against Holland in the Middle District of Tennessee charging bank robbery be transferred to the Northern District of Alabama for pleas of guilty so that the sentences to be imposed on that indictment could be made to run concurrently with the sentences to be imposed on the indictment in the Northern District of Alabama. Holland's counsel also discussed with him the fact that Holland had been apprehended inside of the bank that he was charged with robbing after having been wounded and about the possibility of getting the capital count dismissed if Holland entered pleas of guilty to the second and third counts of the indictment.

When the case was called for trial Holland withdrew his pleas of not guilty to Counts two and three of the indictment and entered pleas of guilty. Count 1 was dismissed on motion of the United States Attorney.

At the evidentiary hearing on the motion to vacate, Holland's counsel testified unequivocally that Holland was not subjected to any coercion. On the contrary, counsel said that he explained to Holland the elements of the offense in each count of the indictment and the maximum penalty that could be imposed. Holland appeared to his counsel to be rational and to understand completely the situation. Holland's brother and cousin corroborated all of this.

Holland and four witnesses submitted identical affidavits, which were accepted by the court as testimony, that Holland's counsel told him that if he did not plead guilty he would receive a sentence of at least fifty years, maybe life, or even the death penalty. This was flatly denied by Holland's counsel. Holland's brother and cousin refused to sign affidavits to this effect because the factual statements were not true.

From this rather detailed chronology it is apparent that there is not a shred of evidence to sustain Holland's assertion of mental incompetency at the time of the alleged offense or at the time of entering his pleas of guilty. In fact, in the evidentiary hearing in the criminal case and the second evidentiary hearing on the motion all of the evidence supported the trial court's finding of Holland's competency.

█ Holland's contention that his pleas of guilty were the result of his retained counsel's coercion is wholly without merit. Counsel's discussions with the United States Attorney, at the request of Holland, which culminated in the dismissal of the count charging a capital offense upon Holland's pleas to the second and third counts, the sentences on which were thereafter ordered to run concurrently with the sentences imposed for the Tennessee bank robbery charge, fall squarely within the framework of Martin v. United States, 5 Cir.

---

[1]. Rule 11, Fed.Rules of Crim.Procedure, provides that the court shall not accept a plea of guilty without first determining that the plea is made voluntarily. Rule 20, Fed.Rules Crim.Procedure, provides for the transfer of a criminal indictment from one district to another at the request of the defendant and with the consent of the United States Attorneys of each district if the defendant desires to enter a plea of guilty.

1958, 256 F.2d 345, in which Judge Tuttle said:

> So far as we know no court has held that any such concession made by the prosecution necessitates a finding that the plea was involuntary. The crucial issue appears to be whether, with all the facts before him, including the advice of competent counsel, the plea was truly involuntary. The Supreme Court lays down no other test. The fact findings of the trial court as to the voluntariness should be reviewed on this issue on the clearly erroneous test.

Id at 349.

■■ Finally, Holland asserts error because he was not present at the evidentiary hearing held on his motion. The prisoner, however, must present, initially, a "substantial" claim before he is entitled to a hearing of any kind. Thus "some specificity" is required, Benthiem v. United States, 403 F.2d 1009, 1 Cir., Nov. 20, 1968; unsupported generalizations are not enough. United States v. Lowe, 7 Cir., 1966, 367 F.2d 44. Nor is a hearing required for an account which is unbelievably fanciful, Carvell v. United States, 4 Cir., 1949, 173 F.2d 348, or which is affirmatively contradicted by the record. Plaster v. United States, 5 Cir. 1967, 381 F.2d 578. By the same token no hearing is called for if the prisoner's petition is supported only by factual allegations not legally capable, even if believed, of justifying a finding in his favor. This last is the case at bar. The original indictment was in three counts. The first carried a penalty of death, or an unlimited term of years. The other two carried penalties of 20 and 25 years. According to his affidavits Holland was told by his counsel that if he went to trial and was convicted he faced a sure sentence of fifty years. This is the substance of his claim of the involuntariness of his plea. We regard it as inadequate as a matter of law.

■ Holland does not allege, by pleading or affidavit, that he was made any promise, or that he received any threat. Counsel's statement may be termed a "mere prediction." Domenica v. United States, 1 Cir., 1961, 292 F.2d 483, 485. Accord, Swanson v. United States, 8 Cir., 1962, 304 F.2d 865, cert. denied 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127. The fact that a prediction, usually that a plea will result in a light sentence, does not pan out does not make the plea involuntary. The reason for this was well stated in United States v. Weese, 2 Cir., 1944, 145 F.2d 135, 136. This court has previously expressed the same result albeit somewhat differently:

> [M]anifest injustice does not result from a plea of guilty following erroneous advice of counsel as to the penalty which could be imposed.

Georges v. United States, 5 Cir., 1959, 262 F.2d 426, 430.

■ The case at bar was not a prediction of a light sentence, but was, allegedly, a statement of fact. If there is any distinction, it does not help the prisoner. Holland has not met the minimum burden which must be upon him, that of showing that the advice he received was in fact erroneous. The Alabama District Court, from which this case arose, has given a life sentence under this statute. Pickens v. United States, 5 Cir., 1949, 175 F.2d 437, cert. denied 338 U.S. 379, 70 S.Ct. 150, 94 L.Ed. 540. We do not, however, rely on this. If he does not misstate the statutory provisions, in our view no statement by counsel expressing merely his personal opinion as to the sentence a court will impose, no matter how definitely he expresses it, can be of sufficient weight to convert an otherwise voluntary plea into a revocable one. Accordingly, the claim of involuntariness here was inadequate on its face. Since Holland was not entitled to a hearing he was not legally prejudiced by the one that occurred.

The judgment is therefore

Affirmed.