**UNITED STATES of America,**
**Appellee,**

v.

**Seferino LEYVAS, Appellant.**

**No. 26886.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1971.

Seferino Leyvas, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Appellant appeals from an order denying his petition for relief filed pursuant to 28 U.S.C. § 2255. His petition and this appeal are based on his contention that the district court's sentencing of his codefendants Carbajal and Sendejas for a violation of 18 U.S.C. § 371 (the general conspiracy statute) and its sentencing appellant for a violation of 21 U.S.C. § 176a (marihuana smuggling), when all three had been charged in a single count indictment for conspiracy to smuggle marihuana, deprived him of equal protection.

Carbajal was sentenced to the custody of the Attorney General for five years, the sentence was suspended, and he was placed on five years probation. After a study pursuant to 18 U.S.C. § 4208(c), Sendejas was placed on probation for four years and further execution of his sentence was stayed. Appellant was sentenced to the custody of the Attorney General for twelve years.

The court erred in sentencing Carbajal and Sendejas. This court granted a writ of mandamus compelling the district court to set aside Carbajal's sentence because he had not been charged or tried for violating 18 U.S.C. § 371.

He has not yet been resentenced because he is a fugitive. Although the same mistake was made in sentencing Sendejas (*cf.* United States v. Bates (9th Cir.) 429 F.2d 557, cert. denied sub nom. Isbell v. United States (1970) 400 U.S. 831, 91 S.Ct. 61, 27 L.Ed.2d 61), the Government did not file a mandamus petition with respect to him.

Error in sentencing appellant's codefendants does not establish any "class" from which appellant was improperly excluded, and there is no denial of equal protection. (*Cf.* North Carolina v. Pearce (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.)

The sentence imposed upon appellant is within the permissible range of sentences for a violation of 21 U.S.C. § 176a of which he was convicted.

The order is affirmed.