**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald EDMO, Defendant-Appellant.**

**No. 71–2578.**

United States Court of Appeals, Ninth Circuit.

March 6, 1972.

Ronald Edmo, in pro. per.

Sidney E. Smith, U. S. Atty., John L. King, Asst. U. S. Atty., Boise, Idaho, for plaintiff-appellee.

Before HUFSTEDLER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Edmo appeals from an order denying his motion for relief under 28 U.S.C. § 2255. We affirm.

In his petition Edmo contended that his sentence was a denial of equal protection and a cruel and unusual punishment. He also maintained that his guilty plea was invalid because his attorney "led him to believe" that he would receive a lighter sentence than that actually imposed.

Edmo pleaded guilty in May of 1971 to two counts of forcibly breaking and entering a building during nighttime on an Indian Reservation with intent to commit larceny. He thus subjected himself to a possible sentence of not less than one nor more than fifteen years.

One Hill, Edmo's co-defendant, also pleaded guilty to the same offense. In June 1971, Hill appeared for sentencing and was ordered to confinement for three years. It was Hill's second serious offense. He had once before been convicted of a felony and received a suspended sentence.

Edmo, defaulting on his bond, failed to appear for sentencing and a bench warrant was issued for his arrest. When apprehended and brought before the court, he was sentenced to seven and one-half years. Edmo had previously been convicted of four felonies, consisting of larcenies and burglaries, and had been sentenced to the federal penitentiary on three prior occasions.

On appeal Edmo has apparently abandoned his contention that the discrepancy between his sentence and that of his co-defendant amounts to a denial of equal protection and a cruel and unusual punishment. We note, however, that on the above facts such arguments are frivolous. See United States v. Leyvas, 446 F.2d 901 (9th Cir. 1971).

Edmo also contends that he is entitled to a hearing on his allegation that his plea was induced "when defendant's own counsel led the defendant to believe that only a three-year sentence would be imposed." He relies on cases holding that where a plea is allegedly induced by promises, assurances, or guarantees of a specific sentence, a hearing may be necessary to resolve the allegations despite petitioner's denial, at the time of plea, of any promises of leniency. See, e. g., Crispo v. United States, 443 F.2d 13 (9th Cir. 1971); Reed v. United States, 441 F.2d 569 (9th Cir. 1971); Christy v. United States, 437 F.2d 54 (9th Cir. 1971).

However, nowhere in his application does Edmo specify what his counsel did or said that led him to believe that he would receive a three-year sen-

242

tence. Counsel's mere expression of a belief or opinion that Edmo would likely receive a three-year sentence would not be ground for setting aside the plea and conviction. Pinedo v. United States, 347 F.2d 142 (9th Cir. 1965); Swanson v. United States, 304 F.2d 865 (8th Cir. 1962); Domenica v. United States, 292 F.2d 483 (1st Cir. 1961).

 In light of the clear inadequacy of Edmo's allegations, the district court did not err in denying the petition without a hearing. Sasser v. United States, 452 F.2d 1104 (9th Cir. 1972).

Affirmed.