Billy Joe **STOUT**, Movant,

v.

**UNITED STATES** of America, Respondent.

Civ. A. No. 3120.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 3, 1973.

Supplemental Opinion Oct. 26, 1973.

G. P. Gaby, Greeneville, Tenn., for movant.

John L. Bowers, Jr., U. S. Atty., by Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Billy Joe Stout, in custody under sentences of this Court in United States of America, plaintiff, v. Billy Joe Stout, defendant, criminal action no. 7243, this district and division, claims the right to be released upon the ground that such sentences are subject to collateral attack. 28 U.S.C. § 2255. Mr. Stout complained, *inter alia*, of the manner of his arrest, interrogation, and the obtaining of handwriting samples from him; the failure of the arresting officers to advise him of his constitutional rights and to take him promptly before a magistrate; of his self-incrimination; and of the failure to confront him with a witness against him.

The motion and the files and records of the aforedescribed criminal action show conclusively that Mr. Stout is entitled to no relief on those grounds. The movant's criminal trial commenced on October 5, 1972, while he was represented by competent counsel. On the following day, Mr. Stout petitioned the Court to be permitted to enter pleas of guilty to all three counts of the indictment thereon. The Court addressed the movant personally and determined that such pleas were made voluntarily with understanding of the nature of the charges and the consequences of such pleas. Rule 11, Federal Rules of Criminal Procedure. The Court, before entering a judgment upon such pleas of guilty, was satisfied that there were factual bases for each such plea. *Idem.* The movant's voluntary plea of guilty, while represented by competent counsel, forecloses his collateral attack on such grounds upon this conviction and sentences. Taylor v. United States, C.A.8th (1968), 385 F.2d 835, 836–837[1].

The movant claims further, however, that because of matters occurring outside the presence of the Court, his plea was coerced. A coerced plea is open to collateral attack. Machibroda v. United States (1962), 368 U.S. 487, 493,

82 S.Ct. 510, 7 L.Ed.2d 473, 478. The movant claims that, in a private conference with his attorney during his trial, his attorney advised him that he (the attorney) was fearful that the Court would impose the maximum sentences upon conviction " * * * and assured him of not more than two years if he would change his plea[s] to guilty. * * * " " * * * Plaintiff [movant] being ignorant of the law and possessing a low grade education, succumbed to his attorneys [sic] advise [sic] for fear of the maximum punishment of 20 years and pled [sic] guilty for which he received 9 years on three charges to an attempt [sic] bank extortion * * * ."

While similar factual situations have resulted in denial of an evidentiary hearing on such issues, see Floyd v. United States, C.A.5th (1958), 260 F.2d 910, 912, and Holland v. United States, C.A.5th (1969), 406 F.2d 213, 216[5], the more modern view appears to be that the movant is entitled to a hearing on his allegations, the aforementioned record itself not showing conclusively that he could not establish facts warranting relief under 28 U.S.C. § 2255. Fontaine v. United States (1973) 411 U.S. 213, 214, 93 S.Ct. 1461, 1462, 36 L.Ed.2d 169, 171–172[1, 2], [3].

The clerk will issue the writ of habeas corpus *ad prosequendum* for the production of the prisoner in this Court at 2:30 o'clock in the afternoon, Wednesday, October 10, 1973, for an evidentiary hearing on the single issue aforementioned.

## SUPPLEMENTAL OPINION

The Court conducted an evidentiary hearing on October 10, 1973 on the single issue, whether the pleas of guilty of the movant Mr. Stout to three counts of an indictment charging him with three separate acts of bank extortion were coerced by his retained counsel. See memorandum opinion herein of October 3, 1970. The disposition of such matter as law and justice require has been held under advisement since.

Mr. Stout testified that his attorney, Alfred W. Taylor, Esq., assured him in their first interview that he would represent the movant " * * * if I can beat your case. * * * " After Mr. Taylor was engaged, according to the movant, he was assured by his attorney that " * * * he could beat the case on the grounds alone that the FBI violated my rights the day I was picked up. * * * "

He testified that his father reported to him subsequently a conversation with Mr. Taylor, and that he (the movant) " * * * felt low * * * " about his prospects thereafter. He said that, after the Court had denied, during the second day of the trial, his motion to suppress the evidence of handwriting exemplars taken from him, that he and Mr. Taylor conferred privately again. According to Mr. Stout, Mr. Taylor said, " * * * I'm sorry; I don't think I can beat the case. * * * " Mr. Stout stated he inquired " * * * what's the matter? * * * ," to which Mr. Taylor replied that he " * * * just couldn't beat the case * * * ," and advised the movant to change his pleas to guilty.

Mr. Taylor reasoned, according to Mr. Stout, " * * * I know the judge and the prosecutor; if you put the government to the full expense of a trial and the jury finds you guilty, he (the judge) might get mad at you and give you the full 60 years. I feel sure if you change your pleas you'll get a couple of years' probation out of it. I feel quite sure you won't have to go to the penitentiary. * * * " Mr. Stout said he complained that he did not want to plead guilty " * * * to something I didn't do * * * " but understood from his attorney that his choice was between the possibility of receiving a prison term of 60 years and receiving two years of probation. He stated further that Mr. Taylor told him to " * * * say no * * * " if the trial judge inquired whether he had been promised leniency.

Mr. Clarence Stout, the father of the movant, testified that Mr. Taylor ad-

vised him in a conversation that "* * * if Billy Joe will change his plea to guilty, the judge will give him a light sentence and parole [sic] him then * * *"; that the attorney "* * * mentioned 12 to 18 months * * *," but said that would be "* * * no pen * * *" but "* * * parole [sic] at the trial. * * *" This witness testified that he reported this conversation to his son afterward.

The attorney, Alfred W. Taylor, Esq., testified that from the outset Mr. Stout maintained his innocence of the charges, and that he considered that the movant's best defenses otherwise were his possible mental incompetency to stand trial and the suppression of the evidence of handwriting exemplars of Mr. Stout. He stated that he became wary about whether his client was telling him the truth when he (counsel) examined the handwriting exemplars involved with members of the movant's family. He stated that on the second day of trial, after the motion to suppress had been denied, that Mr. Stout advised him privately, "* * * I want to change my plea. * * *" He said that he advised Mr. Stout he didn't know what sentences he might receive as a result and re-read to him the statute under which he was charged, which fixed maximum punishment of 20 years and a $10,000 fine, or both, for each offense charged. Mr. Taylor testified that he told Mr. Stout that, from his years of experience, all things being equal, and if the movant had a good record, the Court might be lenient and might put the movant on probation, although he could give him no assurances about that. Mr. Taylor denied specifically that he advised Mr. Stout to change his pleas, promised him that he would be placed on probation, or advised him to be untruthful in answering the questions of the Court on allocution.

Thus, a question of fact is presented. By ascertaining the credibility of the witnesses and weighing the testimony of each, the Court finds that the guilty pleas of the movant Mr. Stout

to the three counts of the indictment in United States of America, plaintiff, v. Billy Joe Stout, defendant, in criminal action no. 7243, this district and division, were not coerced. What Mr. Taylor had to say to his client constituted the attorney's prediction. "* * * The fact that a prediction, usually that a plea will result in a light sentence, does not pan out does not make the plea involuntary. * * *" Holland v. United States, C.A.5th (1969), 406 F.2d 213, 216[5]. See also United States v. Edmo, C.A.9th (1972), 456 F.2d 240, 242[2]; Swanson v. United States, C.A. 8th (1962), 304 F.2d 865, 866[1], citing and quoting from Domenica v. United States, C.A.1st (1961), 292 F.2d 483, 485. United States v. Tateo, D.C.N.Y. (1963), 214 F.Supp. 560, is factually inapposite, see at 563, to the action at bar.

Accordingly, the movant Mr. Billy Joe Stout hereby is denied all relief. Rule 58(a), Federal Rules of Civil Procedure.