**Percy Lee REID, Jr., Petitioner-Appellant,**

v.

**Jimmy ROSE, Warden, Defendant-Appellee.**

No. 73-2060.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 15, 1974.

Decided March 13, 1974.

———◆———

David S. Kennedy (Court Appointed), Memphis, Tenn., on brief for petitioner.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., on brief for respondent; David M. Pack, Atty. Gen. of Tenn., of counsel.

Before PHILLIPS, Chief Judge, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Appellant in this case was charged with and pled guilty to assault with intent to murder and robbery with a deadly weapon when he was 16 years old. He was sentenced to two concurrent sentences of 20 years and 10 years, respectively. He now appeals from denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (1970). He contends that his constitutional rights to due process were violated by the facts that at a juvenile court waiver hearing, no testimony was taken prior to the entry of the waiver, and that he was denied counsel at a critical stage in the criminal proceeding because he had no lawyer and was offered none at the juvenile court waiver proceeding.

We would consider that these issues posed substantial problems for critical consideration and probable reversal, absent a 1973 decision of the United States Supreme Court reversing this court in the case of Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In *Tollett* a majority of the court held:

> "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, *supra* at 267, 93 S.Ct. at 1608.

We affirm the District Court's denial of the writ because, and only because, we believe our decision is controlled by Tollett v. Henderson, *supra*.