**Billy Joe STOUT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74–1036.**

United States Court of Appeals, Sixth Circuit.

Jan. 10, 1975.

Billy Joe Stout, pro se.

G. P. Gaby, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn. (Court-appointed), for petitioner-appellant.

John L. Bowers, U. S. Atty., Robert E. Simpson, Knoxville, Tenn., for respondent-appellee.

Before CELEBREZZE and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is a direct appeal from the District Court's dismissal of Appellant's motion under 28 U.S.C. § 2255 (1971), challenging the validity of his conviction of three counts of attempted bank extortion under 18 U.S.C. § 1951 (1970).

Appellant's trial began October 5, 1972. On October 6, 1972, Appellant withdrew his not-guilty plea and entered a plea of guilty on all three counts of the indictment. The District Court, after thoroughly questioning Appellant as to the plea's voluntariness, accepted it and sentenced him on November 27, 1972, to three years' confinement on each count, the sentences to run consecutively. At all times Appellant was represented by retained counsel.

On December 11, 1972, Appellant filed a letter with the District Court, which was treated as a motion for reduction in sentence. The District Court denied the motion on December 15, 1972.

On September 27, 1973, Appellant filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. Counsel was appointed to represent Appellant. On October 10, 1973, the Court granted Appellant an evidentiary hearing on the sole issue of whether he had been coerced by his retained counsel into entering a guilty plea. On October 26, 1973, the District Court found that the guilty plea was not coerced, dismissed the complaint, and denied Appellant all relief.

Appellant raises two issues on appeal. First he asserts that the District Court erred in determining that his guilty plea was not coerced by his retained counsel. Second, Appellant argues that the District Court erred in not granting him an evidentiary hearing on his allegations that government agents had obtained fingerprint evidence from him by trickery or fraud.

The District Court thoroughly reviewed the facts upon which Appellant's claim of a coerced guilty plea is based. At the evidentiary hearing Appellant testified that he was assured by his retained counsel that the attorney ". . . could beat the case on the grounds alone that the FBI violated my rights the day I was picked up. . . ." Appellant testified that after his motion to suppress the evidence of handwriting exemplars taken from him had been denied on the second day of trial, his attorney said, ". . . I'm sorry; I don't think I can beat the case. . . ." Appellant further testified that the attorney advised him to change his plea to guilty. Appellant added that the attorney indicated that a guilty plea would be met with a "couple of years probation," whereas a guilty verdict after a jury trial might prompt the judge to impose the maximum 60-year sentence. Appellant understood these choices and chose to plead guilty.

The attorney testified that he told Appellant that based on his years of experience, all things being equal, and assuming that Appellant had a good record, the Court might be lenient and put Appellant on probation, although the attorney added that he told Appellant that he could give Appellant no assurances about

that. The attorney also denied that he advised Appellant to change his plea.

■ The District Court properly viewed the question of whether Appellant's plea was coerced to be one of fact. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The District Court, based on the evidence adduced at the hearing, determined that the attorney's comments were a mere prediction of the outcome of the case. In the absence of a clearly erroneous finding, we accept this determination by the District Court, which has had the opportunity to assess the credibility of the witnesses. United States v. Creek, 403 F.2d 220 (6 Cir. 1968).

■ A plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true. Holland v. United States, 406 F.2d 213, 216 (5th Cir. 1969). *See also* United States v. Edmo, 456 F.2d 240, 242 (9th Cir. 1972); Swanson v. United States, 304 F.2d 865, 866 (8th Cir. 1972); Domenica v. United States, 292 F.2d 483, 485 (1st Cir. 1961).

■ Were we to determine that the attorney's advice was not within the range of competence demanded of attorneys in criminal cases, Appellant's claim might yet be valid, based on an alleged lack of effective assistance of counsel. *See* McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Ray

v. Rose, 491 F.2d 285 (6th Cir. 1974); Beasley v. United States, 491 F.2d 687 (6th Cir. 1974). The burden of proof is on Appellant to demonstrate that his attorney's advice was not within this range. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).[1] Appellant did not meet this burden. To the contrary, his attorney's advice was within the range of competence demanded of him, and the guilty plea must stand.

Appellant has raised the additional issue of whether the District Court erred in denying him an evidentiary hearing on his claim that FBI agents tricked him into putting his fingerprints on the extortion notes.

■ An inquiry into the merits of this claim would be warranted were it not for the rule that a guilty plea waives the assertion of such claims. As the Supreme Court held in *Tollett,*

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267, 93 S.Ct. at 1608.

*See also* Reid v. Rose, 493 F.2d 1248 (6th Cir. 1974).

The District Court's denial of the motion is affirmed.

---

1. It was noted in *Tollett* that:

"A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry." 411 U.S. at 267, 93 S.Ct. at 1608.