Lonnie THOMAS, Movant,

v.

UNITED STATES of America, Respondent.

No. CIV–2–75–147.

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 19, 1975.

**622**

Lonnie Thomas, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Lonnie Thomas, a prisoner in the custody of an agent of the respondent under sentences of February 25, 1971 of this Court in *United States of America, plaintiff, v. Lonnie Thomas, defendant,* criminal action no. 7183, this district and division, and in *United States of America, plaintiff, v. Frank Stewart, Jr., et al., defendants,* criminal action no. 7182, this district and division, claims the right to be released upon the ground that such sentences were imposed in violation of the Constitution, Fifth and Sixth Amendments. 28 U.S.C. § 2255. The motion and files and records of the aforenumbered criminal actions show conclusively that the prisoner is entitled to no relief, so that no notice, hearing, determination of the issues, findings of fact or conclusions of law with respect thereto are required. *Idem.*

▮ In criminal action no. 7183, *supra,* after counsel was appointed for him, Mr. Thomas was arraigned on October 26, 1970 under the indictment therein. Upon his plea of not guilty to both counts thereof, trial was assigned for Wednesday, November 18, 1970. On the day preceding the commencement of such trial, Mr. Thomas appeared in open court with his counsel, who announced that Mr. Thomas wished to plead guilty to both counts of the indictment therein and had signed a petition for such purpose. It was stated in such petition, *inter alia:*

\* \* \* \* \* \*

\* \* \*, I understand that I may, if I so choose, plead "Not Guilty" to any offense charged against me, and that if I choose to plead "Not Guilty" the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right to see and hear all witnesses against me; (c) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor;
\* \* \*

\* \* \* \* \* \*

I also understand that if I plead "GUILTY" the Court is authorized to impose immediately the same punishment as if I had pleaded "Not Guilty", stood trial, and had been convicted by a jury.

\* \* \* \* \* \*

\* \* \* I know that the Court will not accept a plea of "GUILTY" from anyone who claims to be innocent and, with that in mind and because I make no claim of innocence, I wish to plead "GUILTY", and respectfully request the Court to accept my plea, as follows:

COUNT ONE: GUILTY

COUNT TWO: GUILTY

Although the Court did not advise the movant specifically that, in changing his pleas from not guilty to guilty therein, he would be waiving his rights to the presumption of innocence or against self-incrimination, the movant did waive his right to the presumption of innocence by making no claim of innocence. His offer of his pleas of guilty were, themselves, " \* \* \* a conviction. Like a verdict of a jury it was conclusive. \* \* \* " *Kercheval v. United States* (1927), 274 U.S. 220, 221, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012. There was no role for the presumption of innocence after his plea; the benefit of such presumption was simultaneously waived with his plea. Likewise, a defendant who pleads guilty to an indictment " \* \* \* simultaneously waives \* \* \* his privilege against compulsory self-incrimination \* \* \*". *McCarthy v. United States* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425[7].

■ The movant claims also that the Court failed to observe the requirements of Rule 11, Federal Rules of Criminal Procedure. On November 17, 1970 that rule provided in pertinent parts: " * * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * " Following is the relevant address of the movant on that occasion.

*   *   *   *   *   *

THE COURT: * * * "Mr. Thomas, are you sure, after having consulted your attorney, that you understand fully what it is that you are charged with in the two counts of the indictment, in each count?"

MR. THOMAS: "Yes, sir."

THE COURT: "Is there any question in your mind about what the charge is against you?"

MR. THOMAS: "No, sir."

THE COURT: "After talking with your attorney, are you sure you understand the maximum penalty for each one of these offenses?"

MR. THOMAS: "Yes, sir."

THE COURT: "Do you understand that if the Court accepts your pleas of guilty to these two offenses that you could be given the maximum of $10,000 fine and 10 years imprisonment on each of the counts so you could serve a maximum of 20 years and pay fines totalling $20,000, both?"

THE COURT: "You do understand that?"

MR. THOMAS: "Yes, sir."

THE COURT: "Now, outside of your conversations with your attorney, which are confidential between you, has anyone suggested to you that, in any way, it might go lighter on you, or you might receive probation or any other form of leniency if you would plead guilty to these two counts?"

MR. THOMAS: "No, sir."

THE COURT: "Has anyone threatened you in any way to cause you to do this?"

MR. THOMAS: "No, sir."

THE COURT: "Are you pleading guilty to these two counts because you did the things charged in the indictment and did those with the intention of violating the law?"

MR. THOMAS: "Yes, sir."

THE COURT: "Is that the only reason you are doing it?"

MR. THOMAS: "Yes, sir."

THE COURT: "There is no other reason at all?"

MR. THOMAS: "No, sir."

THE COURT: "All right. The defendant understandingly and intelligently has pleaded guilty and his counsel has recommended it. So, the pleas of guilty will be entered. * * * He is * * * remanded to the custody of the marshal for return to state authorities. * * * "

The movant contends also that the Court " * * * never called upon [the movant] to enter a plea in criminal case no. 7182 * * * ". The record therein reflects that Mr. Thomas appeared for arraignment therein on October 26, 1970; that counsel was first appointed to represent him therein; that, thereafter, he waived arraignment and " * * * entered pleas of not guilty to the respective counts of the indictment against him * * * "; that he reappeared with his counsel before the Court on November 17, 1970, " * * * petitioned the Court to change his pleas of not guilty previously entered on each count of the indictment against him to pleas of guilty and the Court believing that the pleas were intelligently and knowledgeably made and that there was a factual basis for the pleas entered the defendant's pleas of guilty as charged in counts one, two, four, and five of the indictment. * * * "

■ Finally, the movant claims that his " * * * appointed counsel promised and assured [him] that all [f]ederal sentences would run concurrently and the [f]ederal sentences would also run concurrently with a [s]tate sentence that [the movant] was serving while on trial in the

[f]ederal [m]atter.* * * * " Assuming *arguendo* that Mr. Thomas proved this allegation in an evidentiary hearing, it has nothing to do with the voluntariness of his pleas. That Mr. Thomas' attorney might have predicted that all these sentences would be made to run concurrently, and that his prediction did not pan-out that way " * * * does not make the plea[s] involuntary. * * * " *Holland v. United States,* C.A. 5th (1969), 406 F.2d 213, 216[5]. See also *United States v. Edmo,* C.A. 9th (1972), 456 F.2d 240, 242[2]; *Swanson v. United States,* C.A. 8th (1962), 304 F.2d 865, 866[1], citing and quoting from *Domenica v. United States,* C.A. 1st (1961), 292 F.2d 483, 485.

Accordingly, the movant Mr. Lonnie Thomas hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the movant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on any such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.

---

* This Court has no authority to cause its federal sentences to be served concurrently with a state sentence. *United States v. Herb,* C.A. 6th (1971), 436 F.2d 567, 568[2]; *Hash v. Henderson,* C.A. 8th (1967), 385 F.2d 475, 477–478[7], and cases there cited.