7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ramon Joseph SCOLA, Petitioner-Appellant,
v.
David HASKELL, Warden, Respondent-Appellee.
 No. 92-2567.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ramon Joseph Scola, a Michigan state prisoner proceeding pro se, appeals from the order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scola was tried to a jury and found guilty of second degree murder. At trial, a confession given to police on the advice of counsel was admitted into evidence. In his confession, Scola admitted killing a 17 year-old girl, but provided that he murdered her in the heat of passion and not with premeditation. He was sentenced to serve from 50 to 80 years imprisonment.
 
 
 3
 In his petition for habeas relief, Scola alleged that his confession was obtained through coercion on the part of his retained attorney; that the conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; that the confession is unlawful because it violates his right against self-incrimination; that he was denied effective assistance of trial and appellate counsel; and that he was prejudiced by an untimely preliminary examination.
 
 
 4
 The case was submitted to a magistrate judge who recommended that the court deny Scola's petition for a writ of habeas corpus. The district court approved and adopted the magistrate judge's report and recommendation as the opinion of the court over Scola's objections.
 
 
 5
 Upon review, we find no error. Scola's first allegation of error is that his attorney, George Bedrosian, coerced him into making a confession. The issue of the confession's "voluntariness" is a legal question requiring de novo review. See Arizona v. Fulminante, 111 S.Ct. 1246, 1252 (1991).
 
 
 6
 A totality of circumstances approach is used when addressing a claim that introduction of an involuntary confession has violated due process. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). The record reveals the following circumstances. Counsel was present with Scola when he confessed to police. Scola was given the warnings as required by Miranda v. Arizona, 384 U.S. 436 (1966). The record does not reveal, nor does Scola allege, that attorney Bedrosian made a credible threat of violence, a quid pro quo promise, or an implied promise in exchange for Scola's confession. See generally Arizona v. Fulminante, 111 S.Ct. at 1252 (Supreme Court found a "credible threat of violence" in an FBI informant's promise to protect Fulminante from prison violence in exchange for the truth about the murder of a child). Instead, Scola complains that Bedrosian told him that the state had sufficient evidence to find him guilty of first degree murder. However, mere predictions by counsel as to the weight of evidence or the merits of the case do not rise to the level of ineffective assistance of counsel or coercion. See Stout v. United States, 508 F.2d 951, 953 (6th Cir.1975). Scola also alleges that Bedrosian complained that he was not getting enough money to take the case to trial. The allegation, even if true, does not rise to the level of coercion. Scola's first issue lacks merit.
 
 
 7
 Next, Scola contends that attorney Bedrosian rendered ineffective assistance of counsel by advising that he admit to killing Victoria Livermore. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 The record clearly reflects that attorney Bedrosian's advice was the result of a strategy that allowed Scola to offer an exculpatory explanation of the circumstances surrounding the killing in order to avoid being bound-over for first degree murder. The strategy was not the result of deficient performance, but was the result of a studied analysis of the case and a professional judgment of how to obtain the best possible outcome for the accused in light of the overwhelming evidence against him. Counsel was not ineffective here.
 
 
 9
 Finally, Scola argues that his conviction was obtained through the use of evidence that was unconstitutionally acquired in the search of his parents' cottage. A state prisoner may not seek habeas relief in a 28 U.S.C. § 2254 proceeding on a claim of illegal search and seizure if he had a full and fair opportunity to raise the claim in the state courts and presentation of the claim was not thwarted by any failure of the state's corrective processes. See Stone v. Powell, 428 U.S. 465, 494-95 (1976); Gilbert v. Parke, 763 F.2d 821, 823-24 (6th Cir.1985). Michigan clearly provides for review of such claims and Scola has not shown that the mechanism was inadequate. Therefore, Scola's argument is barred under Stone.
 
 
 10
 Accordingly, the order of the district court is hereby affirmed, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation dated July 31, 1992, as adopted by the district court.