Kenneth Paul **BALLINGER**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 72–1866.

United States Court of Appeals, Ninth Circuit.

Nov. 13, 1972.

740

Kenneth Paul Ballinger, in pro. per.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Paul J. Fitzpatrick, Asst. U. S. Attys., San Francisco, Cal., for respondent-appellee.

Before MERRILL, CHOY and WALLACE, Circuit Judges.

PER CURIAM:

Ballinger pleaded guilty to and was convicted of mail embezzlement in violation of 18 U.S.C. § 1709. He appeals from the district court's denial without a hearing of his § 2255 motion to vacate his five-year sentence. We affirm in part and remand in part.

Appellant's contention that the prosecution reneged on a plea bargain is without merit as it is based on the statement by his own attorney to him to the effect that a guilty plea would almost insure a term of probation though nothing was guaranteed. There was no evidence of a bargain with the prosecution. The record does not indicate that the plea was involuntary.

Nor is there any merit to appellant's assertion that the trial judge had an obligation to inform him of his right to appeal. Rule 32(a)(2), F.R.Crim.P., provides in part that the court shall advise the defendant of his right to appeal after imposing sentence "in a case which has gone to trial on a plea of not guilty." Here, due to Ballinger's plea of guilty, there was no trial.

Finally, appellant urges he was without effective assistance of counsel in that his attorney advised him: "You can't appeal a guilty plea." Since the district court's order dismissing the petition does not rule on this issue, we remand so that the court may consider this contention.