Joe **VILLARREAL**,
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 74–1811.**

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1974.

15. One was the remark by counsel for the trustee, quoted in note 14 supra, which was immediately modified by the judge to reserve the right at issue here. In any event, counsel's remark was clearly limited to the status of the payments as administration expenses and would not be controlling. The other extract was a remark of the judge, which can best be construed to the same effect.

16. On this disposition, it is unnecessary to deal with Abarta's argument alleging economic duress.

S. Thomas Pollack, Deputy Federal Public Defender, Los Angeles, Cal., for petitioner-appellant.

Leslie E. Osborne, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS, Circuit Judge, BALDWIN, Judge,* and WALLACE, Circuit Judge.

OPINION

CHAMBERS, Circuit Judge:

In 1965, Villarreal pleaded guilty to two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and was sentenced to consecutive prison terms of ten and twenty years. Starting in 1967, he filed petitions under 28 U.S.C. § 2255 to vacate these sentences on the grounds that he had lacked understanding of the consequence of his plea and that the plea had been induced by representations from his counsel that his total sentence would not exceed fifteen years. In Villarreal v. United States, 461 F.2d 765 (9th Cir. 1972), we held that an evidentiary hearing must be conducted on these allegations. After conducting the hearing the district court reaffirmed its earlier opinion that the allegations were without merit. We affirm.

■■ At the time the plea was entered, Villarreal stated that he knew he could receive a maximum sentence of twenty-five years and fine of $10,000 "on each count." He was thus effectively aware that consecutive sentences totalling fifty years could be given. Hinds v. United States, 429 F.2d 1322 (9th Cir. 1970). There was more than ample evidence to support a finding by the district court that no promise was made by the Government that the sentence would be limited to fifteen years. Villarreal's guilty plea is not rendered involuntary merely because his attorney told him that the court would "probably" give him such a lesser sentence. Ballinger v. United States, 470 F.2d 739 (9th Cir. 1972).

■ Villarreal's final argument on appeal is that he had a right to be present at the evidentiary hearing. We think,

* Honorable Phillip B. Baldwin, Associate Judge, United States Court of Customs and Patent Appeals, sitting by designation.

however, that in view of the numerous affidavits filed in this case, the district court was correct in concluding that the facts could be fully investigated without requiring Villarreal's presence. *See* Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).