791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TOMMY J. McCLANAHAN, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 84-5768
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 AFFIRMED
 
 1
 E.D.Tenn.
 
 ORDER
 
 2
 BEFORE: KRUPANSKY and GUY, Circuit Judges and HOLSCHUH, District Judge.*
 
 
 3
 This federal prisoner appeals from a district court judgment denying his motion to vacate his sentence of three years which was imposed after he pleaded guilty on August 15, 1984, to one count of conspiracy to import cocaine in violation of 28 U.S.C. Sec. 963 and 18 U.S.C. Sec. 2.
 
 
 4
 Petitioner challenged his conviction charging denial of his right to have a pre-sentence report, breach of his plea bargain agreement, ineffective assistance of counsel, and violations of Rule 11, Federal Rules of Criminal Procedure. Petitioner attached to his motion to vacate an affidavit from his defense counsel. In it, counsel stated that petitioner entered his plea pursuant to an agreement which is correctly reported in the judgment and commitment order. Counsel also stated, however, that it was her understanding, as well as her client's understanding, that petitioner 'could reasonably expect to serve no more than 10 months' of his sentence.
 
 
 5
 Upon review of the cause, the district court denied the motion to vacate concluding that the plea was valid under all the circumstances, and that petitioner's expectation of serving less time than was later imposed by the Parole Board could not serve to invalidate the plea. Concluding that these reasons are proper and supported by the record, we affirm.
 
 
 6
 Petitioner did enter a voluntary, intelligent and knowing plea of guilty. A review of the hearing of petitioner's plea and sentencing in the case reveals that the petitioner, while represented by counsel, indicated that he understood the charge, he was guilty of the charge and that no coercion or other promises than the plea bargaining agreement were exchanged for the plea. Petitioner expressly waived his right to trial by jury and to be represented by counsel at trial. Petitioner's counsel indicated that she knew of no reason why the court should not accept the plea. The government's attorney correctly stated the maximum sentence which could be imposed and the attorney likewise established a detailed factual predicate for the charge.
 
 
 7
 The plea bargaining agreement also required the government to dismiss two other counts pending against the petitioner and to recommend to the court that petitioner receive a sentence of three years and that he be made eligible for parole at the discretion of the parole board. After this plea bargain was announced, the court asked the petitioner if he had anything to say before this sentence was pronounced. He responded in the negative. Defense counsel asked the court to take into consideration the minimal involvement in the conspiracy by his client. The district court thereupon imposed a sentence of three years pursuant to the plea agreement as expressed in court. Defense counsel then asked the court to consider making petitioner eligible for parole immediately. The court responded that it had done that, 'subject to parole at such time as the parole board may determine.' No objections or exceptions to the plea bargain or to the sentence were made by any of the parties.
 
 
 8
 Petitioner primarily argues that his plea is invalid because he was promised by his counsel and the government that he would only have to serve ten months of his sentence. This argument, however, is not persuasive under the circumstances of this case. Neither petitioner nor his counsel objected to the plea bargain as explained in open court by the government. Petitioner disavowed that any other promises were exchanged for his plea; and neither he nor his counsel objected when the court explained that it had made petitioner eligible for parole at the discretion of the parole board. Under these circumstances, petitioner is to be held to the terms of the plea bargain and not now be heard to complain that his bargain was other than what he openly and unequivocally declared in open court. Mabry v. Johnson, 104 S.Ct. 2543, 2547 (1984); Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986). At most, petitioner has shown by his allegations and the affidavit of his counsel that he could reasonably have expected to serve ten months of his sentence; however, such an expectation could not be guaranteed by anyone and the circumstances surrounding the plea and sentencing show that the parties accepted the risk that petitioner's eligibility for parole would be placed in the hand of the parole board. Even though his expectations may have been reasonable, they are clearly insufficient to render his plea invalid. See Self v. Blackburn, 751 F.2d 789 (5th Cir. 1985); Stout v. United States, 508 F.2d 951, 953 (6th Cir. 1975); Villarreal v. United States, 508 F.2d 1132 (9th Cir. 1974); Calabrese v. United States, 507 F.2d 259 (3rd Cir. 1974). For the same reasons, counsel did not render ineffective assistance. Hill v. Lockhart, 106 S.Ct. 366, 370-71 (1985); Baker v. United States, supra; Stout v. United States, supra, 508 F.2d at 953; Villarreal v. United States, supra, 508 F.2d at 1133. Petitioner's expectations may have been reasonable, but they were still not promised nor guaranteed by the bargained-for plea agreement.
 
 
 9
 Although it is true that the trial judge did not order a pre-sentence report prior to sentencing or explain on the record his failure to do so, as is required by Rule 32 of the Federal Rules of Criminal Procedure, neither petitioner nor his attorney requested a pre-sentence report and neither one made any objection to not having the report. Under these circumstances, any defect in the proceedings in conflict with Rules 11 and 32, Federal Rules of Criminal Procedure, cannot serve as a basis for relief under 28 U.S.C. Sec. 2255 in this case; the claimed defects in the proceedings were not fundamental nor inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Stead, 746 F.2d 355 (6th Cir. 1984), cert, denied, 105 S.ct. 1403 (1985). Also, a panel of this Court has specifically addressed this question recently, albeit in an unpublished opinion. In Blix v. United States, No. 83-5372 (6th Cir. April 18, 1984), this Court stated: 'The preparation and use of a presentence report is not a constitutional right of a criminal defendant, Katz v. King, 627 F.2d 568, 576 (1st Cir. 1980), and counsel's failure to request such a report under Rule 32(c)(1), Federal Rules of Criminal Procedure, is not a per se violation of the right to effective assistance. United States v. Gandara, 586 F.2d 1156, 1160 (7th Cir.1978).'
 
 
 10
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation