840 F.2d 17
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. LOWE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 87-3665, 87-3668.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals from the district court's order denying his 28 U.S.C. Sec. 2255 motion to vacate sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner claimed that: 1) the trial court did not determine whether he and his counsel had the opportunity to read and discuss the presentence report before imposing sentence; 2) the district court did not make a finding as to his testimony at the sentencing hearing which alleged factual inaccuracies in the presentence investigation report; 3) his guilty plea was involuntary because it was induced by promises from his counsel which have not materialized; 4) the trial court did not accurately inform him of the maximum penalties for the offenses; and 5) the court did not inform him of the constitutional rights he relinquished by pleading guilty.
 
 
 3
 Upon review, we affirm the district court's judgment. The sentencing hearing transcript shows that the court inquired and found that petitioner and his counsel had the opportunity to read and review the presentence investigation report. It is not necessary for the court to personally question a defendant as to whether he read the report. See United States v. Sambino, 799 F.2d 16 (2d Cir.1985).
 
 
 4
 Petitioner's claim that the district court violated Fed.R.Crim.P. 32(c)(3)(D) is likewise without merit. Petitioner did not establish that the challenged information was false or unreliable and was the basis for the sentence. See United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987). At the sentencing hearing, petitioner admitted that he was involved in drug dealing. The court based the sentence on the fact that he was involved in drug dealing, and that that offense was part of a long pattern. Because the alleged factual inaccuracies were not false nor the basis for the sentence, the district court correctly dismissed this claim.
 
 
 5
 Similarly, petitioner's third claim is meritless. Petitioner's guilty plea was not rendered involuntary merely because his attorney suggested that the court would likely impose a particular sentence. See Self v. Blackburn, 751 F.2d 789, 792-93 (5th Cir.1985); Stout v. United States, 508 F.2d 951, 953 (6th Cir.1975); Villarreal v. United States, 508 F.2d 1132, 1133 (9th Cir.1974).
 
 
 6
 Finally, the district court's alleged failure to strictly comply with the requirements of Fed.R.Crim.P. 11 did not violate petitioner's rights because the district court substantially complied with the requirements of that rule. See United States v. Timmreck, 441 U.S. 780, 783-84 (1974); United States v. Stead, 746 F.2d 355, 356-57 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). The record shows that petitioner entered a voluntary guilty plea, and that he understood both the nature of the charges against him and the consequences of his plea.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.