**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0415n.06**
**Filed: May 18, 2005**

**No. 03-4326**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL RICHARDSON, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Michael Richardson was charged with possession with the intent to distribute 62.28 grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). The United States filed an information pursuant to 21 U.S.C. § 851 alleging that Richardson had at least two prior felony drug convictions, thus triggering the increased penalty of mandatory life imprisonment under 21 U.S.C. § 841(b)(1)(A). Subsequently, Richardson entered a plea of guilty to the indictment pursuant to a written plea agreement, which included a waiver of appeal rights. Based on his substantial assistance to authorities, Richardson was sentenced to 188 months incarceration, four years of supervised release, and $100.00 special assessment, rather than mandatory life imprisonment. On appeal he contends that his guilty plea was not knowing and

1

voluntary because he entered into the plea agreement under coercion from his attorney. We dismiss the appeal.

The waiver of a defendant's right to appeal his sentence is reviewed under a clear error standard. *United States v. Ashe*, 47 F.3d 770, 776 (6th Cir. 1995). An appellate court reviews for plain error an alleged Rule 11 violation raised for the first time on direct appeal. *United States v. Vonn*, 535 U.S. 55, 59 (2002). The reviewing court may consult the entire record to determine whether a defendant's substantial rights were affected. *Id.*

Paragraph 22 of Richardson's plea agreement provides:

Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the court. Nothing in this paragraph shall act as a bar to the defendant's perfecting any legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct. Additionally, should the Court fail to sentence the defendant in accordance with the provisions of this plea agreement, his right to appeal the court's sentence is preserved.

This court has held that "[a]ny right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *Ashe*, 47 F.3d at 775-76; *see also United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (recognizing "that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement" (internal citation omitted)). A reading of the plea proceeding in this case makes it clear that the entire plea agreement, including the waiver provision, was explained to Richardson. Richardson

2

gave "yes" responses when asked if he understood the contents of the agreement and that he was bound by it. Therefore, the knowing and voluntary waiver requirement of *Ashe* was met in this case.

A knowing and voluntary waiver of the right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *Fleming*, 239 F.3d at 764-65; *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir. 1995). Richardson argues that the plea agreement is not valid because his attorney coerced him into signing it. During the sentencing hearing, Richardson told the court:

> Your honor, I wanted to fire [my attorney] Ms. Hughes, but the reason I didn't was because from my understanding with my mother was that Ms. Hughes said if your son wants to fire me, it's okay, but remember, I am the First Federal Assistant, and anybody the Judge decides to give your case to would be up under me and has to come back to me to get things approved. I didn't know whether to look at it as a threat or the truth, but I was scared, and I still am.

The attorney did not deny making the alleged comments, but did deny that she ever lied to Richardson. Richardson asserts that even though he failed to raise his concerns about his attorney and entering into the plea agreement until the sentencing hearing, the "fundamental underlying principals [sic] set forth under Rule 11 of the Federal Rules of Criminal Procedure still apply."

During the plea colloquy Richardson unequivocally responded "no" when asked if anyone had attempted to force him to plead guilty. During the plea hearing the court asked Richardson: "Now, are you fully satisfied with the counsel, representation and advice given to you in this case by Ms. Hughes as your attorney." Richardson responded: "Well, at the time things was a little rough, but I appreciate everything that Ms. Hughes has done for me." The judge followed up on what Richardson meant by a "little rough" asking Richardson: "[H]ow do you feel right now in terms of what she's done for you in terms of representation? Are you satisfied with the representation and advice that she's given to you at this point?" Richardson responded: "Yes, I am."

3

Richardson also answered "no" when asked if "anyone attempted in any way to force you to plead guilty."

The transcript of the plea colloquy demonstrates that Richardson's plea was knowing and voluntary. Richardson's conclusory allegations of coercion are not sufficient to refute the transcript of the plea hearing. *See McClanahan v. United States*, No. 84-5768, 1986 WL 16835, at *1 (6th Cir. Apr. 15, 1986) ("A review of the hearing of petitioner's plea and sentencing in the case reveals that the petitioner, while represented by counsel, indicated that he understood the charge, he was guilty of the charge and that no coercion or other promises than the plea bargaining agreement were exchanged for the plea.").

We also note that Richardson did not attempt to withdraw his guilty plea before his sentencing hearing or during the sentencing hearing. The sentencing hearing took place nearly three months after the plea hearing, giving Richardson ample time to attempt to withdraw his plea. At the sentencing hearing Richardson, despite expressing some displeasure with his counsel, did not seek withdrawal of his plea or claim that he was coerced into signing his plea agreement. Before sentencing Richardson the district judge stated:

> There are many times when I've required a Defendant to come back or if they've changed their mind at the hearing, then that would be the end of it, but you satisfied me at the time that you had had a conversation with Ms. Hughes, she talked to you about the options, and that based on all of the factors, which were not easy, I'm sure, that you did want to enter a plea and you wanted to go forward with the plea and the plea agreement.

Richardson did not respond to the district judge's comments. Richardson entered into the plea agreement knowingly and voluntarily and has not demonstrated any plain error. Because he validly waived his right to appeal his conviction and any sentence other than one in excess of the statutory

4

maximum or constituting an upward departure from the applicable sentencing guideline range, we dismiss his appeal.